MARION PARNESS, Respondent, v. MORRIS HALPERN, Appellant, and GERALD V. RYAN, Defendant.

Second Department, October 31, 1939.

*William E. Lyons,* for the appellant.

*Harry R. Schwartz,* for the respondent.

PER CURIAM. Action to recover damages for injuries sustained by plaintiff while a passenger in a car owned by appellant Halpern, and being driven by her husband, Jerry Parness. The orders appealed from denied the motion of defendant Halpern to add Jerry Parness as a party defendant.

There are two allegations of negligence involving the appellant Halpern: (a) negligent operation; and (b) operation knowing the car to be defective. In so far as the facts are disclosed, and apply-

ing a well-established presumption of law, the car was being operated by Parness in behalf of Halpern. Under such circumstances, Halpern would be entitled to indemnity from Parness for negligent operation (*Fedden* v. *Brooklyn Eastern District Terminal*, 204 App. Div. 741), and Parness would properly be made a party defendant under the provisions of subdivision 2 of section 193 of the Civil Practice Act. The same result would obtain if Parness were using the automobile with the permission of Halpern but on Parness' own business. (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14.) But if Parness, who drove the car, knew of the alleged defect, as did appellant Halpern, according to the complaint, then as to that item of negligence Halpern and Parness would be joint tort feasors and Parness could not be joined as a party defendant under subdivision 2 of section 193 of the Civil Practice Act, at the instance of Halpern. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.) Assuming that Parness did not know of the defect, upon the basis of defective operation he would not be liable over to Halpern. There is no allegation that he did know of the defect. So there is this situation: On the one hand, although Parness might be liable over to Halpern for negligent operation and, therefore, might be made a party defendant at Halpern's instance, on the other hand he would not be so liable for operating a defective car if he did not know of the defect and, therefore, could not be made a party defendant at the behest of Halpern. Under such circumstances, Halpern has no right to have Parness made a party defendant. (*Nichols* v. *Clark, MacMullen & Riley, Inc.*, 261 N. Y. 118.)

The order entered on reargument should be affirmed, with ten dollars costs and disbursements. Upon the entry of the order on reargument the original order became nugatory. The appeal therefrom, therefore, should be dismissed, without costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order entered on reargument affirmed, with ten dollars costs and disbursements. Appeal from the original order dismissed, without costs.