ELDER LUNDERBERG v. M. BIERMAN AND ANOTHER.
REUBEN G. LUNDERBERG, *d.b.a.* LUNDERBERG MOTOR
COMPANY, THIRD-PARTY DEFENDANT, APPELLANT.[1]

March 5, 1954.

No. 36,109.

[1]Reported in 63 N. W. (2d) 355.

350

*Freeman, Larson & Peterson* and *M. W. Gaughan,* for appellant.
*Richards, Janes, Hoke, Montgomery & Cobb,* for respondent
M. Bierman.
*Ellis L. Bursell* and *Landree, Clark & Gove,* for respondents.

DELL, CHIEF JUSTICE.

Margaret A. Bierman purchased a 1950 Hudson automobile from
Reuben G. Lunderberg, an individual doing business as Lunderberg
Motor Company, referred to hereinafter as Lunderberg Motor. The
contract of purchase provided for a 2,000-mile checkup. On March 21,
1950, Mrs. Bierman took her car to Lunderberg Motor's garage for
such checkup. Walter Ilstrup and Elder Lunderberg were employees
of Lunderberg Motor. As part of the checkup, Ilstrup and Elder
Lunderberg took the car out for a road test. Ilstrup was driving,
and Elder was sitting beside him. In the course of the road test, the
automobile was involved in an accident in which Elder was injured.
Mrs. Bierman was not in the car at that time. Elder collected bene-
fits under the workmen's compensation act from his employer,
Lunderberg Motor, and thereafter commenced this action against

Ilstrup and Mrs. Bierman alleging that Ilstrup was driving the car with the permission of Mrs. Bierman and that Ilstrup's negligence in driving the car caused his injury. Mrs. Bierman was granted leave to serve a third-party complaint against Lunderberg Motor; she claimed that if she was liable to Elder Lunderberg she was entitled to indemnity from Lunderberg Motor. Mrs. Bierman and Lunderberg Motor both moved for summary judgment on the issues raised by the third-party complaint and the answer thereto. The court granted the motion of Mrs. Bierman, holding that as a matter of law Lunderberg Motor was liable to indemnify Mrs. Bierman for any recovery obtained by Elder Lunderberg against her. This appeal is from the judgment so entered.

This appeal presents essentially the following four questions: (1) Is there any right of indemnity over at all? (2) Does the fellow-servant doctrine bar the right of indemnity? (3) Does payment by the employer of benefits under the workmen's compensation act bar the right of action for indemnity by Mrs. Bierman? (4) Does the complaint state a cause of action?

■ Appellant admits that the relationship between Mrs. Bierman and Lunderberg Motor was that of bailor-bailee. He also admits that the bailee would be liable in the performance of the contract of bailment for any misfeasance resulting in damage to the bailor's property, but he insists that, as to tort liability resulting from injury to a third person, the bailee is personally liable but is not liable to the bailor for a liability imposed upon him by statute. Appellant relies upon Kurzon v. Union Ry. Co. 21 N. Y. S. (2d) 310. Apparently that case does furnish some support for appellant's contention, although it is not clear just what the court did hold. It is a decision of the city court of New York and apparently, so far as we have been able to determine, did not reach the appellate division of the New York court. It is not good law and is not followed even in New York. See, Parness v. Halpern, 257 App. Div. 678, 15 N. Y. S. (2d) 199, a decision of the New York appellate court; Chernoff v. Wholesome Bakery Products, Inc. 17 N. Y. S. (2d) 570, a decision of the supreme court of New York.

In Kramer v. Morgan (2 Cir.) 85 F. (2d) 96, the federal circuit court of appeals had before it a case involving the New York financial responsibility act,[2] which is substantially the same as M. S. A. 170.54.[3] There, defendant permitted his son Richard to drive his automobile in the state of New York. While so doing, he injured plaintiff. Plaintiff sued Richard and recovered a verdict but was unable to collect it. He then sued defendant, the owner of the car, whose liability rested on the financial responsibility act alone. While the case was reversed on other grounds, the federal court, speaking through Mr. Justice Learned Hand, said:

"It will be observed that Richard and the defendant were not joint tort-feasors, but that the defendant's liability is imputed; he was in effect Richard's surety and could therefore recover over against him, if compelled to pay the loss."

The general rule is stated in Restatement, Restitution, § 96, as follows:

"A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability."

Under *comment a* we find the following:

"The rule applies * * * to * * * situations in which, by statute or otherwise, a person without fault is responsible for the conduct

---

[2] 62-A McKinney's Consol. Laws of New York Ann., Vehicle and Traffic Law, § 59:

"Every owner of a motor vehicle * * * operated upon a public highway shall be liable * * * for * * * injuries to person or property resulting from negligence in the operation of such motor vehicle * * * by any person * * * using or operating the same with the permission * * * of such owner."

[3] "Whenever any motor vehicle, after Laws 1945, Chapter 285, becomes effective, shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

of another. Illustrations of this are found under modern decisions and statutes which impose liability upon a person who has permitted another to drive an automobile, as where the head of a houshold is made liable for the negligent driving of the members of the family, the licensed driver is made liable for the negligence of an unlicensed driver driving in his presence, or the owner of a car is made the insurer of the conduct of one to whom he lends the car."

Substantially the same language is used in 27 Am. Jur., Indemnity, § 18. In 42 C. J. S., Indemnity, § 21, we find the following:

"* * * the owner of a motor vehicle who has been subjected to liability to a person injured through its operation, under a statute imposing such liability by virtue of his ownership, is, although the statute does not so provide, entitled to be indemnified by the wrongdoer."

While the California statute is somewhat broader than ours, in Baugh v. Rogers, 24 Cal. (2d) 200, 215, 148 P. (2d) 633, 642, 152 A. L. R. 1043, the court said with respect to the liability of a bailee over to a bailor in a situation such as we have here:

"* * * If Dr. Rogers [the bailee], in negligently backing Warnock's car into the plaintiff, had injured the *vehicle* we have no doubt but that under the above stated principles of the law of bailments he would be liable to Warnock for the damage to the bailed property. *The fact that it was with an employee of the bailee that the damage-causing collision occurred would be wholly immaterial.* This principle, we are satisfied, is equally applicable to the case before us insofar as concerns the independent and correlative rights and obligations of the owner and of the operator as between them."

The rule permitting the owner of an automobile to recover from a bailee when the owner's liability exists solely by virtue of the statute imputing to him the liability of one to whom he entrusts his car is analogous to that permitting the master to recover of a servant damages which the master has been compelled to pay on account of the negligence of the servant. In cases of that nature we permit

recovery. Magistad v. Andrew Schoch Grocery Co. 177 Minn. 453, 225 N. W. 287; see, Annotation, 110 A. L. R. 834.

The whole doctrine of indemnity rests upon the proposition that, when one is compelled to pay money which in justice another ought to pay, the former may recover of the latter the sum so paid unless the one making the payment is barred by the wrongful nature of his conduct. 42 C. J. S., Indemnity, § 20.

In Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N. W. (2d) 501, plaintiff was a passenger on a bus owned by Sioux Lines, Inc., driven by one of its drivers. She was riding on a ticket purchased from the Northland Greyhound bus company over a route on which it held a permit. Due to the fact that the Northland bus was incapacitated, Northland had obtained a Sioux Lines bus and driver to drive the route that day. In an action against both lines, plaintiff recovered a joint judgment, and Northland Greyhound claimed that it was entitled to indemnity from Sioux Lines. In holding that Northland Greyhound was so entitled, the Iowa court said (242 Iowa 1143, 49 N. W. [2d] 506):

"One who is liable only by reason of a duty imposed by law for the consequences of another's negligence may recover over against the active perpetrator of the wrong. So a servant is liable to his master who is not at fault for damages the latter is compelled to pay a third person because of the servant's negligence. * * *

"Indemnity is also frequently allowed a party guilty of passive negligence against one guilty of active or positive negligence. * * *

* * * * *

"* * * There can be little doubt of Northland's right to indemnity from Munster, the bus driver, since, as between them, he was primarily at fault. * * * And Northland has as much right to indemnity from Sioux Lines as from Munster unless Munster was the servant of Northland, not of Sioux, while driving this bus. It is quite clear Munster remained the servant of his general employer, Sioux Lines. Surrender to Northland of the right to control Munster's manner of driving the bus does not appear."

Our case of N. P. Ry. Co. v. Minnesota Transfer Ry. Co. 219 Minn. 8, 16 N. W. (2d) 894, is cited with approval by the Iowa court in the above case. We there said (219 Minn. 12, 16 N. W. [2d] 896):

"The general rule appears to be that an agent owes to his principal the use of such skill as may be required to accomplish the object of his employment; if he omits to exercise reasonable care, diligence, and judgment, and, as a result, his principal has to respond to a third party in damages, he may be held responsible to the principal for the loss. The fact that the agent acts gratuitously does not relieve him of liability for wrongful acts or negligence, where, as here, the agent accepts employment in a capacity that implies the possession of competent skill."

The same is true here. At best Mrs. Bierman is liable only because the negligence of Ilstrup is imputed to her by law. Her negligence was entirely passive. The active negligence was that of Ilstrup. As to Mrs. Bierman, that negligence is imputed to Lunderberg Motor under the doctrine of *respondeat superior*. Ilstrup's negligence, insofar as the rights of Mrs. Bierman are concerned, is that of Lunderberg Motor.

It would be wholly unrealistic to hold that the bailee is liable for damages to the bailor's property but is not liable for damages resulting to the bailor by virtue of the fact that she has been compelled to pay a judgment entered against her due to the negligence of the bailee. The old common-law rule of nonliability is founded upon the nonliability of the bailor, who has no part in the negligent act causing injury to a third party. Now that such liability is imposed upon the bailor by our financial responsibility act, we should accept the fact that the liability so imposed is as much a damage to her resulting from the bailee's negligent conduct as damage to the bailor's property would be. We therefore hold that, where the owner of an automobile has become liable to a third person injured by one to whom the owner has granted permission to drive his car solely by virtue of the financial responsibility act, such owner is entitled to recover indemnity from the operator of the car in the absence of any active negligence chargeable to the owner.

■ Does the fellow-servant doctrine bar recovery? It is the contention of appellant that, inasmuch as Elder Lunderberg, plaintiff here, is barred from any recovery against his employer, Lunderberg Motor, such bar constitutes a bar to an action brought by Mrs. Bierman against Lunderberg Motor also. There is no doubt that the fellow-servant doctrine is the law of this state. It is, however, an exception to the rule of *respondeat superior*.[4] The origin, as well as the basis for the rule, is not too well known.[5] The rule is founded upon considerations of public policy, and it has been held that it does not rest on any very satisfactory basis and is not to be extended. See, 11 Dunnell, Dig. (3 ed.) § 5946; Headline v. G. N. Ry. Co. 113 Minn. 74, 128 N. W. 1115. The rule absolves the employer from liability to one in his employ for injuries incurred or suffered solely as the result of the negligence, carelessness, or misconduct of others who are in the service of the employer and who are engaged in the same common or general employment as the injured employee. 35 Am. Jur., Master and Servant, § 334.

The doctrine has no application in connection with the liability of the master to a third party. Except in the limited area in which it constitutes an exception, the basic rule of *respondeat superior* operates, and under that doctrine the act of the servant is the act of the master. Consequently, the fellow-servant doctrine has no application here.

■ Does payment by Lunderberg Motor of benefits provided by the workmen's compensation act bar an action for indemnity brought by a third party, Mrs. Bierman, who has become liable by virtue of the legal liability imposed upon her by our financial responsibility act? As far as we have been able to determine, this question has not heretofore come before us. The pertinent portion of our workmen's compensation act which appellant contends makes the payment of compensation a bar to such action is found in M. S. A. 176.04 and reads as follows:

[4]See, 35 Am. Jur., Master and Servant, § 334.
[5]See, 11 Dunnell, Dig. (3 ed.) § 5946.

"The liability of an employer prescribed by sections 176.02 and 176.03 shall be exclusive and in the place of any other liability to such employee, his personal representative, surviving spouse, parents, child or children, dependents or next of kin, *or any other person* entitled to recover damages at common law or otherwise on account of such injury or death, * * *." (Italics supplied.)

To put the question precisely, it is the contention of appellant that the words "or any other person" in the above statutory provision include a third person standing in the position of Mrs. Bierman.

While this question has not heretofore come before us, it has been before the courts of several other jurisdictions. In Westchester Lighting Co. v. Westchester County S. E. Corp. 278 N. Y. 175, 15 N. E. (2d) 567, employees of defendant negligently broke a gas pipe maintained by plaintiff in a public highway. As a result, gas escaped into a nearby house and asphyxiated one of defendant's employees. The only wrong of plaintiff was that it failed timely to discover the escaping gas. Decedent's administrator recovered a judgment against plaintiff. Plaintiff paid the judgment and then demanded indemnity of defendant. Defendant interposed as a defense compliance with the New York workmen's compensation act. The New York compensation act,[6] insofar as here material, is identical with

[6] 64 McKinney's Consol. Laws of New York Ann., Workmen's Compensation Law, § 11:

"The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured employee, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; and in such an action it shall not be necessary to plead or prove freedom from contributory negligence nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

ours. In holding that payment under the workmen's compensation act was not a bar, the New York court said (278 N. Y. 179, 15 N. E. [2d] 568):

"* * * Plaintiff does not sue for damages 'on account of' Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant.

      \*     \*     \*     \*     \*

"It may be admitted that if the defendant is held to answer to the plaintiff in this action the result * * * is that an employer is made liable indirectly in an amount which could not be recovered directly. This consequence, we think, does not decide the issue against the plaintiff. Recovery over against the employer in an unusual case like this need not be rested upon any theory of subrogation. An independent duty or obligation owed by the employer to the third party is a sufficient basis for the action."

In Burris v. American Chicle Co. (2 Cir.) 120 F. (2d) 218, the New York statute was before the federal circuit court of appeals. In that case, Burris was injured when he fell from a scaffold while cleaning the windows of American Chicle Company. He was then an employee of Ashland Window & House Cleaning Company, Inc., hereinafter called Ashland. He was injured when a rope holding one end of the scaffold on which he was working broke. Burris sued the Chicle company, who in turn cited Ashland under a third-party complaint, claiming that it was entitled to indemnity if held liable to Burris. Ashland furnished all equipment used by Burris. The Chicle company was liable only on account of a statute requiring it to protect persons engaged in window cleaning. Ashland set up payment under the workmen's compensation act as a bar. In holding that such payment was not a bar, the federal court said (120 F. [2d] 222):

"The statute made it the duty of every contractor to require his employees to use equipment in compliance with its provisions. The breach of this duty has injured the Chicle Company to the extent of the latter's legal liability to the plaintiff. Without any active

participation in the wrongful acts or omissions of Ashland, Chicle has become responsible to the plaintiff for the consequences of Ashland's own wrong and has the right to be indemnified by the wrongdoer. * * *

* * * * *

"Neither is it of consequence on the question of the liability of Ashland to Chicle as indemnitor that the plaintiff was Ashland's employee who was prevented from suing Ashland because their rights and duties were covered by the New York Workmen's Compensation Law."

In Baugh v. Rogers, 24 Cal. (2d) 200, 148 P. (2d) 633, 152 A. L. R. 1043, one Rogers, while driving a car belonging to defendant Warnock, negligently injured plaintiff, who was then an employee of Rogers acting within the scope of the employment. The negligence of Rogers was imputed to Warnock under an act similar to our financial responsibility act except that it is broader in providing for recovery over. On appeal, one of the questions raised was whether payment by Rogers to plaintiff of benefits provided by the California workmen's compensation act would preclude recovery of indemnity by Warnock against Rogers. The California statute[7] differs somewhat from ours, but the rationale of the court's decision is nevertheless applicable. In holding that the workmen's compensation act would not act as a bar, the California court said (24 Cal. [2d] 216, 148 P. [2d] 642):

"* * * There is nothing in the Labor Code which abrogates this obligation imposed on the bailee by the law of bailments. If the owner of a motor vehicle, without fault on his part, suffers a judg-

[7] California Labor Code, § 3601. "Where the conditions of compensation exist, the light to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death."

§ 3706. "If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition, may bring an action at law against such employer for damages, as if this division did not apply."

ment based on the imputed negligence of his bailee, he becomes entitled to recover the amount of that judgment and costs from the negligent bailee. What may have been the relationship between the plaintiff in the original action and the bailee is immaterial in an action between the bailor and the bailee, based exclusively upon their independent, correlative rights and obligations.

"It has been suggested that this holding may tend to impose double liability upon the negligent operator; i.e., liability to his employee for workmen's compensation and to the owner for the amount of the judgment against him arising out of the same injury. But the contention is not sound. The owner will be entitled to have credited on the judgment against him any amount paid by the operator (or his insurance carrier) by way of compensation for the injury, and the amount to be recovered by the bailor-owner from the bailee-operator necessarily will be reduced *pro tanto.*"

In American Dist. Tel. Co. v. Kittleson (8 Cir.) 179 F. (2d) 946, Kittleson was employed by Armour & Company in its packing plant at Mason City, Iowa. In the course of his employment he was injured when an employee of American District Telegraph Company fell through a skylight in the roof of a building on which he was repairing a signal system and landed on Kittleson. At the time, American was working under a contract with Armour to repair the signal system. Armour discharged its liability to Kittleson under the Iowa workmen's compensation act. Kittleson then sued American on the ground that his injuries were caused by the negligence of American's employee. The case was removed to federal court on account of diversity of citizenship, and American, in a third-party complaint, alleged that Armour was primarily liable over to it for any amount recovered by Kittleson. Armour moved to dismiss on the ground that to permit a judgment against it would be to add to the liability of Armour to Kittleson which was limited by the workmen's compensation act. The district court sustained the motion. On appeal, it was reversed. The circuit court said (179 F. [2d] 953):

"We can discover nothing in the language of the Iowa Compensation Act indicating a purpose to abolish common law actions in tort

except as between employer and employee. On the contrary, the language of the Act relied on by appellees points the other way. By section 85.3 every employer subject to the Act is required to 'pay compensation * * * for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and *in such cases,* the employer shall be relieved from other liability for recovery of damages or other compensation *for such personal injury.'* The language quoted imposes upon the employer liability to the extent provided by the Act to an employee injured in the course of his employment, and relieves the employer from further liability to his employee. To say that this language relieves an employer from liability to a third party, to one not in his employ, for the employer's act of negligence damaging such third party is to read into the Act something that plainly is not there. Moreover, section 85.22 expressly shows that the common law actions in tort abolished by the Act were exclusively those between employer and employee by the provision that when an employee's injury is caused under circumstances creating a legal liability against some person other than the employer, the employee may maintain an action against such third party for damages. This section of the Act preserves to the employee the common law actions in tort not arising out of his relation with his employer and is an express recognition by the legislature that the Act does not operate beyond that field."

Appellant contends that this case is not authority here for the reason that the Iowa statute differs from ours in that it does not include the words "or any other person." The federal court could find no such distinction. After citing Westchester Lighting Co. v. Westchester County S. E. Corp. *supra,* the court said (179 F. [2d] 954):

"The New York Workmen's Compensation Act before the court in the Westchester case, supra, does not differ in any material respect from the Iowa Act."

The same result has been reached under the federal longshoremen's compensation act, 44 Stat. 1426, 33 USCA, § 905,[8] which is similar to our compensation act. Coates v. Potomac Elec. Power Co. (D. C.) 95 F. Supp. 779; *Id.* 96 F. Supp. 1019; Rich v. United States (2 Cir.) 177 F. (2d) 688; United States v. Arrow Stevedoring Co. (9 Cir.) 175 F. (2d) 329; Green v. War Shipping Adm. (E. D. N. Y.) 66 F. Supp. 393; Rederii v. Jarka Corp. (S. D. Maine) 26 F. Supp. 304.

There are cases which appear to be contra. Baltimore Transit Co. v. State, 183 Md. 674, 39 A. (2d) 858, 156 A. L. R. 460; Burns v. Carolina Power & Light Co. (E. D. S. C.) 88 F. Supp. 769; Brown v. Southern Ry. Co. 202 N. C. 256, 162 S. E. 613; Verhelst Const. Co. v. Galles, 204 Wis. 96, 235 N. W. 556; Britt v. Buggs, 201 Wis. 533, 230 N. W. 621.[9] While these decisions for the most part involve the right of contribution between joint tortfeasors where the negligence of both actively contributes to the resulting accident, there are statements in some which cannot be reconciled with the view permitting recovery over. We believe, however, that the better reasoning is to be found in the cases permitting such recovery where the entire liability of the party seeking indemnity rests upon a law imputing to such party the negligence of another. Cases involving the right to contribution are not in point, for there the whole doc-

---

[8] "The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

[9] See, also, dissenting opinions in Baugh v. Rogers, 24 Cal. (2d) 200, 148 P. (2d) 633, 152 A. L. R. 1043, and Westchester Lighting Co. v. Westchester County S. E. Corp. *supra.*

trine of contribution rests upon a finding that there is joint liability to the injured party. Where there is no joint liability, there is no right of contribution. American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847. That is not true where, as here, the parties are not in pari delicto, but, instead, the injury arises out of a violation of a duty which one owes to the other so that as between themselves the act or omission of one is the primary cause of the injury and liability exists as to the other only by virtue of a law imposing such liability. See, Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 167 N. W. 800.

In construing an act of the legislature we must bear in mind the object which the legislature intended to accomplish and the purpose for which the act was passed. The purpose of the workmen's compensation act was to protect the employer against the hazards and expense of litigation, the employee against the operation of the harsh rules of law which restricted his right to recover for injuries arising in the course of his employment, and the state from the burden of supporting the human wreckage of modern industry. Right to compensation is not based on fault or negligence but is contractual in nature. McGough v. McCarthy Improvement Co. 206 Minn. 1, 287 N. W. 857; 6 Dunnell, Dig. & Supp. § 10385. The act was not intended to affect the rights of other parties not standing in the relationship of employer and employee except to the limited extent expressed in the act itself. By her action here Mrs. Bierman does not sue Lunderberg Motor for damages "on account of" the injuries of plaintiff (the employee) but for the breach of an independent duty owing by Lunderberg Motor to her.

"* * * Where one person owes another a contractual duty to act, the law imposes upon the person owing that duty the further duty of acting with due care in the performance of his contract so as not to injure the contractee's person or property. This duty is nondelegable." Pacific F. Ins. Co. v. Kenny Boiler & Mfg. Co. 201 Minn. 500, 503, 277 N. W. 226, 228.

At first blush it might seem that there is merit to the argument that to permit the employee to recover of a third person, and then

allow such person to recover indemnity of the employer when the employee could not sue the employer, is to extend the liability of the employer beyond that limited by the workmen's compensation act. The answer to this argument is that the workmen's compensation act does not encompass or limit the rights of third parties against the employer nor is there any reason why it should do so. The liability here attaches to Mrs. Bierman only by virtue of the financial responsibility act. She was guilty of no act of negligence causing such liability. She should not be deprived of a right to seek indemnity from one actively responsible for the injury simply because the employee's right to sue the employer is limited by the workmen's compensation act. The words "or any other person" in our statute must be read in connection with the rest of the act and refer to other persons who have a right to sue for the injuries sustained by the employee. The workmen's compensation act gave to both the employee and the employer some benefits which they did not have under the common law. In return therefor they surrendered some of the advantages which they had under the common law. McGough v. McCarthy Improvement Co. 206 Minn. 1, 287 N. W. 857. That is not true of a third party standing in the position of Mrs. Bierman. She gained nothing by the workmen's compensation act and, consequently, should not be deprived of a right which she would have under the common law.

The liability of a third party to an employee is not limited to the recovery prescribed by the workmen's compensation act. After having collected from an employer under the workmen's compensation act, the rights of the employee to sue a third party not standing in the relationship of employer, except as limited by our act where a third party is engaged in a same or related purpose as we have defined those words, are not affected by the act. If the employee does not choose to sue the third party, the employer may do so to recover back what he has paid the employee under the workmen's compensation act. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412. If, then, the rights of neither employee nor employer as against a third party are affected by the act, it is difficult to see why the rights of the third party against

the employer are so affected. It seems clear to us that it was the intention of the legislature to affect only the rights and relationships of employer, employee, and others authorized to recover for injuries to the employee and not those of third parties not standing in that relationship.

■ Appellant's final contention is that the third-party complaint fails to state a cause of action against him. Apparently he argues that, inasmuch as the liability of Mrs. Bierman to plaintiff is based on M. S. A. 170.54 and the negligence of Ilstrup may not be imputed to appellant on account of the fellow-servant doctrine or the workmen's compensation act, there is no allegation of negligence either actual or imputed that can establish any liability of appellant to plaintiff and that, on account thereof, the complaint is fatally defective.

It is true that plaintiff could not sue appellant for several reasons, among which are the fellow-servant doctrine and the workmen's compensation act. That does not mean that appellant may not be liable to the third-party plaintiff for indemnity, as we have pointed out above. Mrs. Bierman's liability, if there is any, rests entirely upon § 170.54. In the absence of the statute, there would be no liability. In Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945, we held that the contributory negligence of a bailee driver is not imputable to the bailor under the above statute in an action by the bailor against a third party involved in the accident. For the same reason, the liability for negligence of Ilstrup imputed to Mrs. Bierman under § 170.54 in an action against her by an injured third party does not bar her right to indemnity from another party primarily liable. It would be as logical to hold that, inasmuch as Mrs. Bierman had entrusted her car to Lunderberg Motor and not to Ilstrup, she had given no consent to Ilstrup to drive it and therefore would not be liable under § 170.54. If we are to infer that Ilstrup had consent by virtue of the fact that he was an employee of Lunderberg Motor, we can see no reason why Lunderberg Motor should not be responsible for his negligence to the bailor under the doctrine of *respondeat*

*superior* just as much as if Lunderberg had been driving the car himself.

After alleging the facts pertaining to the occurrence of the accident resulting in plaintiff's injuries, the third-party complaint contains the following allegations:

"V.

"That plaintiff Elder Lunderberg has brought this action to recover damages on account of injuries sustained by him in the accident mentioned in said complaint which is attached hereto as 'Exhibit A', which injuries were sustained by said plaintiff Elder Lunderberg while he was legally employed by third party defendant; that if, as said complaint alleges, said Walter Ilstrup was operating said Hudson automobile, he was operating the same at the direction of third party defendant in the course of a test run upon which third party defendant directed him and said Elder Lunderberg to go and in the course and scope of his employment by said third party defendant.

"VI.

"That if this defendant and third party plaintiff is liable to said Elder Lunderberg for the injuries and damage which he sustained, which liability is specifically denied, any such liability arises from no personal fault of this third party plaintiff, but rather arises from a responsibility imposed by law upon this third party plaintiff for the acts and omissions of third party defendant by and through his authorized employees acting in the course and scope of their employment, and that third party defendant is liable to this third party plaintiff for any sums of money which she may be forced to expend by reason of this action on account of the relationship between third party plaintiff and third party defendant as hereinabove alleged."

We believe that under the rules announced above these allegations are sufficient to state a cause of action against the third-party defendant.

Affirmed.