Carl **BOWMAN**, Plaintiff,

v.

**ATLANTA BAGGAGE & CAB COMPANY**, a corporation, Defendant.

Civ. A. No. 277.

United States District Court
N. D. Florida,
Gainesville Division.
May 18, 1959.

Philip Barton and Richard J. Wilson, Gainesville, Fla., for plaintiff.

Clayton, Arnow, Duncan & Johnston, H. C. Duncan, Gainesville, Fla., for defendant.

CARSWELL, Chief Judge.

This common-law negligence action was initiated in State Court to recover for personal injuries allegedly received in a truck collision.

The plaintiff Bowman was an employee of the Western Union Telegraph Company and was operating a truck which belonged to the latter at the time of his injury. Several miles north of Gainesville, Florida, a vehicle operated by a fellow employee also of Western Union collided with the truck which Bowman

was driving. Both employees were in the scope of their employment. The vehicle which collided with Bowman was owned by the defendant Atlanta Baggage & Cab Company, a Georgia corporation. The offending vehicle had been leased to Western Union by Atlanta Baggage & Cab Company more than four months earlier at its Atlanta office.

Bowman brought suit solely against Atlanta Baggage & Cab Company. Atlanta Baggage & Cab Company resists the claim with the following contentions: (1) it has no liability to Bowman since there is no consent shown for the vehicle to be operated in Florida, (2) in the event of recovery by Bowman against it, it would be entitled to indemnity from Western Union, and because Bowman's exclusive remedy against Western Union is governed by the Florida Workmen's Compensation Act, then Bowman should not be allowed to do indirectly what he cannot do directly, and (3) no consent being shown to operate the vehicle in Florida, it was not amenable to service of process under the non-resident motorist statute.

When it appeared that certain controlling questions pertinent to this case were under review in the Florida Courts, this Court refused to rule in anticipation of the law of the forum and took the matter under advisement pending the outcome of those questions.

The complaint alleged that Bowman was injured while the truck was being operated by a fellow employee also of Western Union, the effect of which was to create a presumption that the vehicle was being operated with the owner's (Atlanta Baggage & Cab Company) consent (F.S.A. § 51.12, 1957). Atlanta Baggage & Cab Company moved for summary judgment seeking to negative that presumption by showing the rental contract between it and Western Union which agreement prohibited the removal of the vehicle from the State of Georgia without the written approval of Atlanta Baggage & Cab Company, and that, accordingly, under the Dangerous Instrumentality Doctrine as applied to

automobiles in Florida, no consent had been shown to operate the vehicle in Florida and that it had no liability to Bowman. It is undisputed that no written consent was ever given to Western Union to bring the truck into Florida.

■ This novel periphery of the Florida law has now been laid to rest (at least until a more unique factual situation will invoke the ingenuity of the legal mind) in Leonard v. Susco Car Rental System of Florida, Inc., Fla.App., 3rd Dist., 103 So.2d 243, affirmed, Susco Car Rental System of Florida, Inc. v. Leonard, Fla., 112 So.2d 832. The holding there is equally applicable here:

"When this defendant turns over an automobile to another for a price, he in actuality entrusts that automobile to the renter for all ordinary purposes for which an automobile is rented. The fact that the owner had a private contract or secret agreement with the renter cannot make such restrictions a bar to the rights of the public. The restrictions agreed upon do not change the fact that the automobile was being used with the owner's consent. Nor does it appear that the car was not being used for the purpose for which it was rented, i. e., the pleasure, convenience or business of the renter." Leonard v. Susco Car Rental System of Florida Inc., supra, 103 So.2d at page 247.

Defendant Atlanta Baggage & Cab Company also on motion for summary judgment contends that Bowman, an employee of Western Union, was subject to the provisions of the Workmen's Compensation Act since he was injured in the course of employment by a co-worker, and that, accordingly, his exclusive remedy is against his employer (F.S.A. § 440.11, 1957). It is urged that to allow recovery against a third party who will be liable to indemnify the injured employee's employer will do violence to the legislative fiat of Section 440.11, supra.

This question is one of first impression in this jurisdiction, which the Court

is called upon to rule in anticipation of the Florida Courts.

■ The general view is that workmen's compensation regulates the relation between workman and his employer and not between the workman and the world. Zirpola v. T. & E. Casselman, Inc., 237 N.Y. 367, 143 N.E. 222. The statute leaves untouched the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance. Zirpola v. T. & E. Casselman, Inc., supra. To enforce the payment of such damages the injured party or his dependents may pursue their common-law remedy against the third party and the sole test of the latter's liability is to the injured employee. O'Brien v. Lodi, 246 N.Y. 46, 157 N.E. 925.

In Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 642, 152 A.L.R. 1043, where an employee was injured by an automobile operated by the employer but ownership of the vehicle was in a third party, the Court held the exclusiveness of workmen's compensation between employee and employer would not prevent a recovery by the employee against the third-party owner. To paraphrase that Court, "the correlative rights and obligations between the bailee and bailor of the automobile are independent and exclusive of the employee-employer relationship and does not promote a double recovery", for "(T)he owner will be entitled to have credited on the judgment against him any amount paid by the operator (or his insurance carrier) and by way of compensation for the injury, and the amount to be recovered by the bailor-owner from the bailee-operator necessarily will be reduced pro tanto."

In Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 43 A.L.R.2d 865, the Court held that in the event an injured employee recovered from the owner of a car for the negligent operation of it by the employer, the car owner was entitled to indemnity from the employer, despite the payment of workmen's compensation to the employee.

■ Thus, on principle and authority the Court is of the view the Florida Courts, if confronted with the analogous situation, would allow recovery by an injured employee against a third-party car owner, even though the owner would be entitled to indemnity from the employer despite the latter's personal defense against the employee of the exclusiveness of the Workmen's Compensation Act.

■ While Western Union has not been brought in as a third-party defendant, there is even more compelling reason to reach such result in the instant case. In the rental contract Western Union agreed to indemnify Atlanta Baggage & Cab Company for damage which might result to the truck while in its control, thus waiving any benefit of the exclusiveness of the Act (F.S.A. § 440.-11, 1957).

■ Finally, Atlanta Baggage & Cab Company has moved to quash the service of process on it made upon the Secretary of State under the provisions of the non-resident motorist statute (F.S.A. § 47.29, 1957). It is undisputed that Atlanta Baggage & Cab Company is a foreign corporation not authorized to do business in Florida, nor does it maintain an agent for service of process. The corporation not being present for personal service, the exclusive means by which a Florida Court could acquire jurisdiction would be through substituted service upon the Secretary of State. It is the contention of Atlanta Baggage & Cab Company that because its rental contract with Western Union prohibited the vehicle from being removed from the State of Georgia without its written permission that there was no consent for the vehicle to be operated pursuant to the laws of Florida, hence the service of process was void and this Court has no jurisdiction of it. Because of the broad purpose of the statute (F.S.A. § 47.29, 1957) Hurte v. Lane, D.C., 166 F.Supp. 413, 414, it

would be inconsistent to hold that there was "consent" to create a right of action, Leonard v. Susco Car Rental System of Florida, Inc., supra; Susco Car Rental System of Florida v. Leonard, supra, and lack of "consent" for the purpose of service of process under the non-resident motorist statute.

Appropriate order in conformity herewith will be entered.