JACOBI v. CHARETT, et al.
No. 26475-L.

Circuit Court, Duval County.
September 16, 1959.

S. Perry Penland, Jacksonville, for plaintiff.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for defendant Mary Charett.

Howell, Kirby, Montgomery & Sands, Jacksonville, for defendant Claude Nolan, Inc.

WILLIAM H. MANESS, Circuit Judge.

The sole question of law raised by the motion to dismiss defendant Mary Charett's cross-claim against defendant Claude Nolan, Inc. is whether the two named defendants are "joint tort-feasors" so as to preclude recovery by Charett against Claude Nolan, Inc. of any judgment obtained by plaintiff against Charett.

The cross-claim simply alleges that Mary Charett took her automobile to Claude Nolan, Inc., and surrendered possession to them for repairs; that while the car was thus in the possession and control of Claude Nolan, Inc. it was driven by one of its employees, Pinkerton, who was involved in an accident in which plaintiff alleges he was injured as a proximate result of Pinkerton's negli-

gence. It is elementary that both defendants can be held liable for damages caused by Pinkerton's negligence.

Counsel for Claude Nolan, Inc. contends the two named defendants are "joint tort-feasors" and no recovery can be had by Charett against Claude Nolan, Inc. in the absence of a contract imposing a duty on Claude Nolan, Inc. to Charett, which duty Claude Nolan, Inc. violated. In support of this position, counsel points to only two Florida cases, in each of which there was an express contract and in each of which the right to indemnity was recognized (Seaboard, etc. Ry. Co. v. American District E. P. Co., 106 Fla. 330, 143 So. 316; Suwannee Valley E. C. Inc. v. Live Oak P. & G. R. Co., Fla. 1954, 73 So. 2d 820) and concludes that the extension of any right of indemnity to an owner who is held liable for the negligence of one to whom he entrusts his automobile must be provided by the legislature.

The theory on which both defendants may be held liable to plaintiff is the same, to-wit: respondeat superior, one by reason of the master-servant relationship in fact and the other by reason of the master-servant relationship created by operation of law. If this were the only legal relationship existing between the two defendants, the contention of Claude Nolan, Inc. might prevail.

But while the law places their responsibility on the same basis *as between the defendants and the plaintiff*, their relationship in fact *as to each other* is vastly different.

Claude Nolan, Inc. was a bailee for hire and took possession and control of Mary Charett's automobile for its own profit. While Mary Charett entrusted her automobile to Claude Nolan, Inc. at the risk of being subjected to liability to third persons injured by the negligence of Claude Nolan, Inc., or its servants and employees, in the operation of her automobile, she did not relinquish her right at common law as bailor to hold the bailee responsible for damage to the property itself or any other damage she might suffer due to the negligence of Claude Nolan, Inc., or its servants or employees, during the time her car was in its possession and control.

Though no Florida cases in point have been found, this court agrees with and adopts the language of the Supreme Court of Minnesota found in Lunderberg v. Bierman, 63 N. W. 2d 355, 43 A.L.R. 2d 865, a case substantially in point, when that court said at page 872, 43 A.L.R. 2d—

"At best, Mrs. Bierman [Charett] is liable only because the negligence of Ilstrup [Pinkerton] is imputed to her by law. Her negligence was entirely passive. The active negligence was

that of Illstrup [Pinkerton]. As to Mrs. Bierman [Charett], that negligence is imputed to Lunderburg Motor [Claude Nolan, Inc.] under the doctrine of respondant superior. Illstrup's [Pinkerton's] negligence, insofar as the rights of Mrs. Bierman [Charett] are concerned, is that of Lunderburg Motor [Claude Nolan, Inc.]

"It would be wholly unrealistic to hold that the bailee is liable for damages to the bailor's property but is not liable for damages resulting to the bailor by virtue of the fact that she has been compelled to pay a judgment entered against her due to the negligence of the bailee. The old common-law rule of nonliability is founded upon the nonliability of the bailor, who has no part in the negligent act causing injury to a third party. Now that such liability is imposed upon the bailor by our Financial Responsibility Act, we should accept the fact that the liability so imposed is as much a damage to her resulting from the bailee's negligent conduct as damage to the bailor's property would be." (Matters in brackets added by this court.)

This court holds that where the owner of an automobile has become liable to a third person injured by the negligence of a bailee-for-hire (or its servants or employees) to whom the owner has entrusted his automobile, such owner is entitled to recover indemnity from such bailee in the absence of any active negligence chargeable to the owner.

This holding is consonant with justice and reason and comports with the holding of the Supreme Court of Florida in Seaboard v. American District E. P. Co., supra, where the court said—

"Generally, one of two joint tort-feasors cannot have contribution, from the other. But there are exceptions to this rule, one of which is in that class of cases where although both parties are at fault and both liable to the person injured, such as an employee of one of them, yet they are not in pari delicto as to each other, as where the injury has resulted from a violation of the duty which one owes the other, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury."

Finally, it goes without saying that while the right of indemnity herein recognized is a matter on which the legislature may properly speak, the courts are not precluded from declaring the applicable common law principles by the absence of legislation on the point. See 42 C.J.S. 596, Indemnity, Sec. 21, where the textwriter says—

"It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the

former having a right of action against the latter for indemnity, provided they are not joint tort-feasors in such sense as to prevent recovery, as discussed infra § 27. This right of indemnity is based on the principle that every one is responsible for his own negligence, and if another person has been compelled by the judgment of a court having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him. It exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent."

It is ordered and adjudged that the motion of Claude Nolan, Inc., to dismiss the cross-claim of Mary Charett is denied, and Claude Nolan, Inc. shall have ten days within which to plead further as it may be advised.