Carl BOWMAN, Plaintiff,

v.

ATLANTA BAGGAGE AND CAB COMPANY, a corporation, Defendant and Third-Party Plaintiff (WESTERN UNION TELEGRAPH COMPANY, a corporation, Third-Party Defendant).

Civ. A. No. 277.

United States District Court
N. D. Florida,
Gainesville Division.

Sept. 21, 1959.

See former opinion, 173 Fed.Sup. 282.

Richard Wilson and Philip Barton, Gainesville, Fla., for plaintiff.

H. C. Duncan, Clayton, Arnow, Duncan & Johnston, Gainesville, Fla., for defendant.

Harold B. Wahl, Loftin & Wahl, Jacksonville, Fla., for third-party defendant.

CARSWELL, Chief Judge.

This case arises out of an automobile accident where plaintiff Bowman was operating a Telegraph Company truck in the course of his employment. Plaintiff had a collision with another truck, driven by another Telegraph Company employee in the course of his employment. and rented from the defendant U-Drive-It, Atlanta Baggage & Cab Company. Plaintiff collected workmen's compensation and other benefits from the Telegraph Company and then elected to sue the Atlanta Baggage & Cab Company, which in due course brought in the Telegraph Company as a third-party defendant.

Third-party defendant, Telegraph Company, has interposed as a Fifth Defense the following:

"And for a separate and additional defense to said Complaint, Third-Party Defendant says that it has paid plaintiff compensation of $5943.48 plus $1595.76 representing all hospital, medical and travel expense incurred by plaintiff because of said injury and disability, which is a *pro tanto* satisfaction of any and all liability on the part of Third-Party Defendant because of said accident and injury."

 The Telegraph Company has also interposed the same defense as *"full* satisfaction of any and all liability". For the reasons set forth in the Court's memorandum decision of May 18, 1959, 173 F.Supp. 282, entered prior to the time the Telegraph Company was brought in as a third-party defendant, the Court overruled the defense as *"full* satisfaction". However, the Court upholds the Fifth Defense as a "pro tanto satisfaction".

The Telegraph Company prior to being brought into the case as defendant filed a notice of lien under F.S. Section 440.39, F.S.A., for payment to plaintiff of compensation and medical benefits. There is no dispute as to the right of the Telegraph Company to such lien, subject to the provisions of the statute, against any judgment which plaintiff might recover against the defendant Atlanta Baggage & Cab Company. In addition, it is clear that since the Telegraph Company could impose a lien upon any recovery obtained by plaintiff, against Atlanta Baggage & Cab Company, the Telegraph Company on principle should be entitled to a pro tanto set off for the amounts it has already paid to plaintiff growing out of this same injury when plaintiff recovers from the U-Drive-It (defendant here) and the U-Drive-It in turn claims against the Telegraph Company. Cf. Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 152 A.L.R. 1043 and Lundurberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355, 43 A.L.R.2d 865, 875, both cited in this Court's memorandum decision reported at 173 F.Supp. 282. Any other ruling would, in effect, allow plaintiff a double recovery against his employer—once under the Workmen's Compensation Act and again in this suit where anything he collects from the U-Drive-It must be paid by the Telegraph Company under the third-party complaint.