ZURICH AMERICAN INSURANCE
COMPANY, Appellant,

v.

Donald A. BJELLAND, Respondent.

No. A04–709.

Court of Appeals of Minnesota.

Dec. 28, 2004.

Scott P. Drawe, Drawe & Heisick, Edina, MN, for appellant.

Michael D. Barrett, Cousineau, McGuire & Anderson, Minneapolis, MN, for respondent.

Michael D. Carr, Emmer Law Firm, P.A., Maple Plain, MN, for amicus curiae Minnesota Self–Insurers' Association.

Considered and decided by
SHUMAKER, Presiding Judge,
HALBROOKS, Judge, and HUSPENI, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

The district court ordered the entry of two partial summary judgments. The first determined that an alleged third-party tortfeasor in a workers' compensation subrogation action has a right to a jury trial on liability and damages and that the insurer-subrogee is not automatically entitled to the full recovery of benefits paid and payable without first proving liability and damages. Appellant does not challenge this holding.

In the second judgment, the district court adopted the parties' stipulated conclusion, agreed upon for purposes of appeal, that the appellant-insurer's recovery of workers' compensation benefits it paid on behalf of a deceased employee are limited to those damages recoverable under Minn.Stat. § 573.02 (2002), the Wrongful Death Act. Appellant challenges this conclusion, arguing that the 2000 amendments to Minn.Stat. § 176.061 (2002), the subrogation provisions of the Workers' Compensation Act, redefined the measure of recovery in such actions as the full amount of benefits paid and payable to the employee.

Because the plain language of the amendments effectively removes any former common law or statutory limitations to recovery in such actions, we reverse the second judgment. And because the parties have stipulated to liability and damages, we remand for the effectuation of the stipulation.

## FACTS

In this appeal from a summary judgment, the district court ruled that a workers' compensation insurer-subrogee, who has paid compensation for a worker's wrongful death, is limited in its recovery of damages against a third-party tortfeasor to only the amounts recoverable under the Wrongful Death Act, even though some of those amounts are less than the workers' compensation benefits paid or payable.

Respondent Donald Bjelland failed to stop his semi-tractor-trailer at a stop sign and collided with a car Eugene Bodeker was driving in the course of his employment for Associated Milk Producers, Inc. (AMPI). Bodeker was killed.

Appellant Zurich American Insurance Company, AMPI's workers' compensation insurer, paid to Bodeker's survivors $104,319 in workers' compensation benefits. That sum included dependency benefits. Dependency benefits required by the Workers' Compensation Act are greater than those recoverable under the Wrongful Death Act.

Bjelland and Bodeker's surviving spouse agreed to a *Naig* settlement for all damages except those recoverable as workers' compensation benefits. Zurich thereafter sued Bjelland in this subrogation action to recover all workers' compensation benefits

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. Art. VI, § 10.

it had paid, irrespective of any limits under the Wrongful Death Act.

Bjelland moved for partial summary judgment determining that he is entitled to a jury trial on the issue of the appropriate amount of dependency damages. Relying on caselaw, Bjelland argued that the subrogee is not automatically entitled to recover the workers' compensation benefits it paid but rather must prove its damages in a jury trial.

In its cross-motion for summary judgment, Zurich maintained that it is entitled to recover the workers' compensation benefits paid or payable irrespective of limitations under the Wrongful Death Act.

The district court entered two orders for partial summary judgment, each determining separate issues. In the first, dated December 3, 2003, the court granted Bjelland's motion, holding, among other things, that he is entitled to a jury trial on the issue of damages. Even though this partial summary judgment appears to be reviewable under Minn. R. Civ.App. P. 103.04, Zurich does not challenge the district court's ruling and, in fact, concedes that Bjelland is entitled to a jury trial on liability and damages in this subrogation action.

For purposes of obtaining an appellate determination of the proper construction of the workers' compensation subrogation statutes, the parties requested the district court to adopt their stipulation that (1) if there were a jury trial, the jury would find Bjelland causally negligent in the collision that killed Bodeker; (2) the jury would find damages under the Wrongful Death Act in the sum of $48,336.05; and (3) the fair and reasonable value of the workers' compensation benefits paid or payable by Zurich is $104,319. In its order dated March 24, 2004, the court adopted this stipulation and also adopted the stipulated conclusion that "[r]ecoverable damages in this workers' compensation subrogation action are limited to the amount of damages recoverable under the Wrongful Death Act. Minn.Stat. § 573.02." It is from the partial summary judgment the court entered on this conclusion that Zurich appeals.

## ISSUE

The Minnesota Legislature amended four subdivisions of the Workers' Compensation Act addressing an employer's right to recover from a third party benefits paid to or on behalf of an employee. The amendments permit recovery regardless of whether such amounts are recoverable by statute or at common law. May the insurer-subrogee recover workers' compensation benefits it paid for the employee's wrongful death, irrespective of Wrongful Death Act damages limits?

## ANALYSIS

Curiously, each party states a different issue on appeal. Both refer to amendments of certain workers' compensation statutes and to caselaw pertaining to those statutes prior to the amendments. Zurich urges this court to determine that the amended statutes permit it, as subrogee, to recover workers' compensation benefits paid or payable even if they exceed common law or statutory limits.

Bjelland states that the appeal "presents a single question" of whether the workers' compensation amendments "automatically entitle[d] an employer to recover from a tortfeasor, dollar-for-dollar, the full amount of workers' compensation benefits payable on behalf of an injured employee, or does the employer still retain the burden of proving the nature and extent of damages?"

At least as to these parties, the law of the case settles Bjelland's issue

because the district court granted Bjelland's summary judgment motion on that very issue in its December 3, 2003, order, and Zurich does not challenge that ruling on appeal. *See State v. Harrington*, 504 N.W.2d 500, 503 (Minn.App.1993) (holding that, where appellants did not appeal the validity of an order, the order became the law of the case), *review denied* (Minn. Sept. 30, 1993).

Furthermore, in its reply brief and on oral argument, Zurich acknowledged and conceded that it is not automatically entitled to recoup the benefits it paid; that it retains the burden of proving both damages and liability; and that the alleged tortfeasor has a right to a jury trial on both liability and damages.

Because Zurich does not seek review of the December 3, 2003, judgment and in fact concedes Bjelland's issue as reflected in that judgment, we need not discuss the issue further. Additionally, because the parties have stipulated to all material facts on appeal, there are no genuine fact issues to be resolved through a trial. Thus, we are concerned solely with an issue of statutory construction.

*Statutory Amendments*

Statutory construction is a question of law that this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). We are required to accept the plain meaning of a statute "[w]hen the words ... in their application to an existing situation are clear and free from all ambiguity." Minn.Stat. § 645.16 (2002).

In 2000, the Minnesota Legislature amended four subdivisions of Minn.Stat. § 176.061 that relate to third-party liability under the Workers' Compensation Act. 2000 Minn. Laws ch. 447, §§ 4–8. Minn. Stat. § 176.061, subds. 3, 5, 7, 10 (2000). Each subdivision addresses an aspect of an employer's remedies against a third party who has injured or killed an employee to whom or on whose behalf the employer has paid worker's compensation benefits.

The language the legislature added to each of the subdivisions is identical, as illustrated in subdivision 3. It gives a right of subrogation or indemnity to an employer who pays workers' compensation benefits to an employee. The subdivision allows the employer to recover those benefits in an action against a third party and removes all limits on such recovery:

> The employer ... may bring legal proceedings against the party and recover the aggregate amount of benefits payable to or on behalf of the employee or the employee's dependents, *regardless of whether such benefits are recoverable by the employee or the employee's dependents at common law or by statute* together with costs, disbursements, and reasonable attorney's fees of the action.

Minn.Stat. § 176.061, subd. 3 (2000) (emphasis added).

Prior to the amendments, one case expressly addressed the question of damages limits in workers' compensation subrogation actions. In *Tyroll v. Private Label Chems., Inc.*, 505 N.W.2d 54, 60 (Minn. 1993), the supreme court stated that, because the employer steps into the shoes of the employee, the employer "should be limited to recovery of common law damages."

In its summary judgment memorandum, the district court noted that "the amendment may overrule part of the holding in *Tyroll* ...." It appears that the court was referring to the damages limits. And Bjelland tends to concede the overruling of the *Tyroll* limitation when he notes that "[t]he 2000 Amendments arguably overruled *Tyroll's* limitation on the employer's recovery to common law damages only."

■ A statutory amendment is presumed to be intended to effect a change in the law. *Geldert v. Am. Nat'l Bank,* 506 N.W.2d 22, 26 (Minn.App.1993), *review denied* (Minn. Nov. 16, 1993). We also presume that "plain and unambiguous statutory language manifests legislative intent." *Klein Bancorporation, Inc. v. Comm'r of Revenue,* 581 N.W.2d 863, 866 (Minn.App. 1998), *review denied* (Minn. Sept. 22, 1998). When a statute is free of ambiguity, we look only to its plain language. *Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986). And we do not create ambiguity in an otherwise clear statute under the guise of statutory construction. Minn.Stat. § 645.16.

■ The language added by the 2000 amendments, repeated four times in four subdivisions addressing the same issue, is unambiguous. Its unmistakable intent is to permit an employer who has paid workers' compensation benefits to seek to recover all of those benefits without being limited by the common law or any statute. Any statutory or caselaw limitation on the types of damages recoverable under the Wrongful Death Act is thus eliminated by the new language.

Not only is the language of the amendments clear, but, as the amicus curiae brief notes, it is premised on sound public policy. It places the burden of all compensable damages on the culpable tortfeasor rather than on the innocent employer.

We recognize that the district court accepted the parties' stipulation as to the applicability of the wrongful-death-damages limit so as to facilitate appellate review of the issue. The stipulated conclusion was erroneous, as demonstrated by the amendments to Minn.Stat. § 176.06, subds. 3, 5, 7, 10, and the judgment entered on that conclusion must be reversed.

*Subrogation*

Bjelland based his argument, now conceded by Zurich, on the premise that Zurich's rights are co-extensive with Bodeker's survivors' rights and thus are subject to the Wrongful Death Act because Zurich obtains its rights only through subrogation.

■ Under common-law subrogation, the subrogee stands in the shoes of the subrogor and obtains no greater right than the subrogor had. *Share Health Plan, Inc. v. Marcotte,* 495 N.W.2d 1, 3 (Minn. App.1993), *review denied* (Minn. Mar. 30, 1993). The logical extension of the subrogation principle is that Zurich would be limited to Wrongful Death Act damages just as Bodeker's survivors would be limited in a wrongful-death action against Bjelland. *Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 903 (Minn.1984).

But just as the workers' compensation laws are entirely statutory, the employer derives its right to recover any amount from a third-party tortfeasor only and solely through the workers' compensation statutes. Even though the employer's right is referred to as that of "subrogation," it is a right created by statute. That right now includes an unlimited recovery of provable damages.

Furthermore, the employer's right is not limited even to subrogation but rather is also referred to as "a right of indemnity." Minn.Stat. § 176.061, subds. 3, 10. As an indemnitee, the employer is entitled to be made whole. *Lunderberg v. Bierman,* 241 Minn. 349, 354, 63 N.W.2d 355, 359 (1954). Thus, either through the principle of statutory subrogation as defined by the workers' compensation amendments or the principle of indemnity, Zurich is entitled to recover, without limit, such damages as it may prove it is entitled to. Here, it appears that the parties have bound themselves to stipulated liability and damages,

and the matter needs to be remanded to the district court to effectuate the stipulation.

**DECISION**

Because the 2000 amendments to Minn. Stat. § 176.061 (2000), the subrogation provisions of the Workers' Compensation Act, have effectively redefined the measure of recovery in workers' compensation subrogation actions as the full amount of benefits paid and payable to the employee, appellant is entitled to the $104,319 paid to employee Eugene Bodeker's surviving spouse.

**Reversed and remanded.**