[No. 15565.   Department Two.   January 19, 1920.]

HILDA RASI, *Respondent,* v. HOWARD MANUFACTURING COMPANY, *Appellant.*[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT—PERSONS PROTECTED—UNLAWFUL EMPLOYMENT OF MINORS—STATUTES. A girl under sixteen years of age employed in a factory without any permit in violation of Rem. Code, § 2447, is nevertheless a "workman" within the provisions of the industrial insurance act, withdrawing all civil remedies for personal injuries to workmen in extra-hazardous employments; especially in view of Rem. Code, § 6604-7, recognizing that a child less than the maximum age is a workman within the meaning of the act.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 23, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Reversed.

*R. D. Hill* and *S. H. Kelleran,* for appellant.

*James B. Murphy,* for respondent.

MOUNT, J.—This appeal is from a judgment in favor of the plaintiff in an action for personal injuries.   The defendant has appealed.

The principal and only question necessary for us to consider is whether the action may be sustained.

The facts are as follows:   The appellant is a corporation engaged in business in Seattle in the manufacture of woodenware.   It has various power-driven machines which are used in its factory.   One of these machines is a sanding machine for smoothing flat boards.   The respondent was employed as an off-bearer upon this sanding machine.   In some manner her left hand was caught between the rolls of this machine and she lost the four fingers of her left hand.   Her injury occurred on July 3, 1918, when she had worked at this

[1] Reported in 187 Pac. 327.

machine but a short time. At the time of her employ-
ment, she was past fifteen years of age, but not sixteen.
She had no permit to work from a superior court judge
of the county where she lived. The business of the ap-
pellant was within the terms of the workmen's com-
pensation act, and appellant made regular returns and
had complied with all the requirements of that law.
After respondent's injury, she brought this action at
common law to recover on account of the alleged neg-
ligence. The appellant insists that the sole remedy
of respondent is to be found in the terms of the work-
men's compensation act and that she has no redress by
statute against her employer. This position must be
sustained. The first section (Rem. Code, § 6604-1) of
that act provides as follows:

"The common-law system governing the remedy of
workmen against employers for injuries received in
hazardous work is inconsistent with modern industrial
conditions. In practice it proves to be economically
unwise and unfair. Its administration has produced
the result that little of the cost of the employer has
reached the workman and that little only at large ex-
pense to the public. The remedy of the workman has
been uncertain, slow and inadequate. Injuries in such
works, formerly occasional, have become frequent and
inevitable. The welfare of the state depends upon its
industries, and even more upon the welfare of its wage-
worker. The state of Washington, therefore, exercis-
ing herein its police and sovereign power, declares
that all phases of the premises are withdrawn from
private controversy, and sure and certain relief for
workmen, injured in extrahazardous work, and their
families and dependents is hereby provided regardless
of questions of fault and to the exclusion of every other
remedy, proceeding or compensation, except as other-
wise provided in this act; and to that end all civil
actions and civil causes of action for such personal in-
juries and all jurisdiction of the courts of the state

over such causes are hereby abolished, except as in this act provided.''

In *Ross v. Erickson Construction Co.*, 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F 319, after quoting from this section,.we said:

''The legislature undertook to withdraw 'all phases of the premises from private controversy,' and provide 'sure and certain relief for workmen,' and to that end abolished 'all civil actions and civil causes of action for such personal injuries,' and abolished all jurisdiction of the courts over such cases, except as in the act provided. '. . .

''Clearly the purpose of the act was to end all litigation growing out of, incident to, or resulting from the primary injury, and in lieu thereof, give to the workman one recovery in the way of certain compensation, and to make the charge upon the contributing industries alone. That purpose is made reasonably clear by reference to the act.''

See, also, *Stertz v. Industrial Insurance Commission*, 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B 354, and cases there cited.

If the respondent was a workman within the meaning of this act, there can be no doubt that her sole redress must be found in the terms of the act. If she had been of the age of sixteen years, there could be no reasonable contention that she did not come within the terms of the act. The statute, at § 2447, Rem. Code, provides:

''Every person who shall employ, and every parent, guardian or other person having the care, custody or control of such child, who shall permit to be employed, by another, any male child under the age of fourteen years or any female child under the age of sixteen years at any labor whatever, in or in connection with any store, shop, factory, mine or any inside employment not connected with farm or house work, without the written permit thereto of a judge of a superior

court of the county wherein such child may live, shall be guilty of a misdemeanor.''

Respondent's position seems to be that, because it was unlawful for appellant to employ the child under the age of sixteen years, she was not confined for redress to the terms of the workmen's compensation act. Counsel rely principally upon the case of *Hillestad v. Industrial Insurance Commission*, 80 Wash. 426, 141 Pac. 913, Ann. Cas. 1916B 789, 6 N. C. C. A. 763. That was a case where a boy under the age of fourteen years was drowned while floating some logs at his father's mill, and where the father sought to recover under the workmen's compensation act. We held in that case: First, that there was no employment of the boy and he was, therefore, not a workman; and second, conceding that the boy was employed by the father, the employment was wrongful and the father could not profit by his own wrong. The question whether the boy might have recovered under the act if he had been injured instead of drowned was not before us. We are satisfied that case is not authority for the position of the respondent here. Section 2447, Rem. Code, hereinbefore quoted, makes it a misdemeanor for an employer to employ ''any male child under the age of fourteen years or any female child under the age of sixteen years at any labor'' in any factory without the written permit of a judge of a superior court of the county wherein such child may live. This statute does not make it unlawful for a child under the prohibited age to work, and imposes no penalty upon the child when it does work. It follows that the child neither gains nor loses any rights by such employment, even though the employer may be penalized. Section 6604-9 of the workmen's compensation act provides:

''If any workman shall be injured . . . or be, at the time of the injury, of less than the maximum age

prescribed by law for the employment of a minor in the occupation in which he shall be engaged when injured, the employer shall, within ten days after demand therefor by the department, pay into the accident fund, in addition to the same [sum] required by section 6604-4 to be paid:

"(a) In case the consequent payment to the workman out of the accident fund be a lump sum, a sum equal to fifty per cent of that amount.

"(b) In case the consequent payment to the workman be payable in monthly payments, a sum equal to fifty per cent of the lump value of such monthly payment, estimated in accordance with the rule stated in section 6604-7."

This section plainly recognizes that a child less than the maximum age for the employment of a minor is a workman within the meaning of that act. It follows that, whether the child is employed either lawfully or unlawfully, such child is entitled to all the privileges of the workmen's compensation act and must seek its remedies under the terms of that act.

The judgment must therefore be reversed and the action dismissed.

HOLCOMB, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.