[No. 44006.   En Banc.   June 3, 1976.]

MANUEL D. LEDESMA, ET AL, *Appellants*, v. A. F. MURCH COMPANY, *Respondent*.

*Critchlow, Williams, Ryals & Schuster*, by *Edward B. Critchlow* and *Richard M. Knoeber*, for appellants.

*William H. Mays* and *Joel E. Smith* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondent.

*Slade Gorton, Attorney General*, and *David W. Robinson, Assistant*, amici curiae.

BRACHTENBACH, J.—This appeal involves a claim for dam-

ages under the "child death" statute, RCW 4.24.010,[1] by the nondependent parents of a minor workman fatally injured during the course of his employment. Michael Ledesma, a 17-year-old high school student, was killed when a forklift he was operating overturned and crushed him. Plaintiffs, parents of the deceased, brought suit against the decedent's employer for negligently causing the death of their son. The trial court granted summary judgment for defendant on the basis of the exclusive remedy provisions contained within the industrial insurance act. RCW 51.04.010; RCW 51.32.010.[2] We affirm.

---

[1]In pertinent part, RCW 4.24.010 provides:

"The mother or father or both may maintan an action as plaintiff for the injury or death of a minor child, or a child on whom either, or both, are dependent for support . . .

". . .

"In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just."

[2]The court's jurisdiction over civil actions and civil causes of action for personal injuries against the employer is explicitly abolished by the industrial insurance act.

The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

RCW 51.04.010.

The compensation provided under the industrial insurance act is in lieu of any and all rights of action whatsoever against any person whomsoever.

Each workman injured in the course of his employment, or his family or dependents in case of death of the workman, shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever

. . .

RCW 51.32.010.

■ Two issues are raised by plaintiffs on appeal. The first is whether the exclusive remedy provisions of the industrial insurance act act as an absolute bar to an action brought under the "child death" statute for death resulting from an industrial accident. The court answered this question in *West v. Zeibell*, 87 Wn.2d 198, 550 P.2d 522 (1976). In that case, the nondependent parents of a minor employee killed during the course of his employment brought suit against the minor's employer under RCW 4.24.010. The court denied the parent's claim, stating that it was the intent of the legislature in enacting the industrial insurance act that the remedies provided therein were to be to the exclusion of all other remedies. The exclusive remedy provisions of the act, RCW 51.04.010 and RCW 51.32.010, act, therefore, as an absolute bar to plaintiffs' cause of action for the wrongful death of their son.

■ The second issue concerns the absence of a work permit for the deceased minor. RCW 49.12.121 provides in pertinent part that

> No minor person shall be employed in any occupation, trade or industry . . . unless a work permit has been properly issued, with the consent of the parent, guardian or other person having legal custody of the minor and with the approval of the school which such minor may then be attending.

It is plaintiffs' contention that the illegal employment of their son by defendant in failing to obtain a work permit precludes defendant from relying on the exclusive remedy provisions of the industrial insurance act. Plaintiffs' contention is without merit. In *Rasi v. Howard Mfg. Co.*, 109 Wash. 524, 187 P. 327 (1920), it was held that a minor employed without a work permit is nevertheless a workman within the provisions of the industrial insurance act.

> [W]hether the child is employed either lawfully or unlawfully, such child is entitled to all the privileges of the workmen's compensation act and must seek its remedies under the terms of that act.

*Rasi v. Howard Mfg. Co., supra* at 528. It necessarily fol-

lows that the parents' right to recover for the death of their minor son is likewise limited to that available under the industrial insurance act.

Judgment affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.