[No. 44005. En Banc. June 3, 1976.]

EDWARD W. WEST, ET AL, *Respondents*, v. HOWARD S. ZEIBELL, *Appellant*.

*Richard B. Johnson* (of *Bell, Ingram, Johnson & Level*), for appellant.

*William W. Baker* and *H. Scott Holte* (of *Anderson, Hunter, Dewell, Baker & Collins, P.S.*), for respondents.

*Slade Gorton, Attorney General,* and *David W. Robinson, Assistant,* amici curiae.

BRACHTENBACH, J.—Defendant appeals from a judgment entered on a jury verdict. Plaintiffs' action was for the wrongful death of their minor son. Plaintiffs' 16-year-old son was electrocuted while working at a laundromat. At the time of his death, he was a workman within the meaning of the workmen's compensation act. RCW Title 51. The Department of Labor and Industries determined that the electrocution was an industrial injury and accepted responsibility for the statutory burial award. RCW 51.32.050. The crux of the appeal is whether the workmen's compensation act bars an action for the wrongful death instituted by the parents of a minor child. We answer in the affirmative.

The plaintiffs argue that the act should not bar their action for wrongful death because (1) the cause of action for destruction of the parent-child relationship is a new, independent cause of action for injuries to the parent; (2) nondependent parents receive no quid pro quo or alternative remedy under the workmen's compensation act for destruction of the parent-child relationship; and (3) the absence of a quid pro quo or alternative remedy constitutes a deprivation of due process and equal protection.

The defendant contends that the act is an exclusive remedy and bar to all other tort actions against employers for injuries suffered by workmen while in the course of their employment.

Plaintiffs' action is brought under RCW 4.24.010. It provides:

> The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child, or a child on whom either, or both, are dependent for support . . .
>
> . . .
>
> In such an action, . . . . damages may be recovered for the loss of love and companionship of the child and

for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just.

The question is whether this statute creates a cause of action which escapes the exclusive remedy provisions of the workmen's compensation act. There are no Washington cases on this question.

Determinative of this question is the precise wording of the exclusive remedy provision in the act. The exclusive remedy provisions found in workmen's compensation acts have been classified in three general categories. 2A A. Larson, *The Law of Workmen's Compensation* § 66.10 (1976). The narrowest generally provides that the employee, by coming within the provisions of workmen's compensation waives "his" common-law rights. *E.g.*, Mass. Gen. Laws Ann. ch. 152, § 24 (1958). The broadest provide that the employer's liability shall be the "exclusive remedy," or that the remedy is "exclusive and in place of any other liability whatsoever," and is accompanied by an enumeration of those individuals excluded from seeking a recovery at common law or otherwise. *Compare, e.g.*, Cal. Labor Code Ann. § 3601 (West 1971), with, *e.g.*, N.Y. Consol. Workmen's Compensation Laws § 11 (McKinney 1965).

These statutory differences have led to conflicting results as to the parents' rights in a wrongful death action. Those statutes whose workmen's compensation acts have incorporated an exclusive remedy provision of the narrowest type have been construed not to preclude a suit brought by the parents of a minor child. *King v. Viscoloid Co.*, 219 Mass. 420, 106 N.E. 988 (1914); *Silurian Oil Co. v. White*, 252 S.W. 569 (Tex. Civ. App. 1923).

On the other hand, states whose workmen's compensation acts have employed an exclusive remedy provision of a more inclusive or broader character have been construed to bar actions brought by parents for the wrongful death of their children. *Treat v. Los Angeles Gas & Elec. Corp.*, 82 Cal. App. 610, 256 P. 447 (1927); *Howze v. Lykes Bros.*, 64 So. 2d 277 (Fla. 1953); *Stample v. Idaho Power Co.*, 92

Idaho 763, 450 P.2d 610 (1969); *Maiuri v. Sinacola Constr. Co.,* 12 Mich. App. 22, 162 N.W.2d 344 (1968).

██ Our statute is of the broadest, most encompassing nature and the intent of the legislature to bar an action such as that brought by plaintiffs is clear. RCW 51.04.010 generally states that the relief provided "for workmen injured in their work, and their families and dependents" operates to exclude "every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions . . . are hereby abolished". RCW 51.32.010 strengthens our decision that the plaintiffs' action is barred. It provides in very broad and sweeping language that the compensation received by a "workman injured in the course of his employment, or his family or dependents . . . shall be *in lieu of any and all rights of action whatsoever against any person whomsoever".* (Italics ours.) The language used in RCW 51.04.010 and RCW 51.32.010 is most closely akin to that used in the broadest of the exclusive remedy provisions. Cases construing statutes falling within all but the narrowest of categories have with near unanimity barred actions by third parties arising out of the injury or death of workmen covered by such legislation. 2A A. Larson, *supra* at § 66.20.

*Ash v. S.S. Mullen, Inc.,* 43 Wn.2d 345, 261 P.2d 118 (1953), is indicative of this court's broad construction and application of RCW 51.04.010. In *Ash,* the wife of a workman injured in his employment and subject to the act sought to recover for loss of consortium. The court denied her recovery on two grounds. It held that (1) the wife could not maintain such an action at common law and that no statute gave her such a right, and (2) the workmen's compensation act barred such an action. Not only does the act provide the exclusive remedy for the workmen, but for the workmen's families as well. It was of no significance that the injury for loss of consortium was incurred by the wife, separate and distinct from the injury incurred by her husband. Similarily, it is of no significance that RCW

4.24.010 creates an independent right of action which can be brought by the parents of a deceased minor child for recovery for their own separate and distinct injury, *i.e.*, the destruction of the parent-child relationship. The workmen's compensation act is the exclusive remedy.

■ Our holding that the workmen's compensation act bars the instant action for wrongful death is clearly supported by the definitive language used in RCW 51.04.010 and RCW 51.32.010, the rationale of the *Ash* decision, and case law from other jurisdictions whose statutes are akin to ours. The fact that RCW 4.24.010 provides a new statutory cause of action which did not exist at the time the workmen's compensation act was passed in 1911 is not a basis for restricting the broad scope of RCW 51.04.010 and RCW 51.32.010. To accept plaintiffs' contention would defeat and allow the slow erosion of the declared policy of the workmen's compensation act as expressed in RCW 51.04.010.

■ Plaintiffs' final claim is that if the workmen's compensation act were held to bar recovery under RCW 4.24.010, a deprivation of due process and equal protection would result. There can be no vested right, however, in a tort action that can be brought only by virtue of a statute. *Sparkman & McLean Co. v. Govan Inv. Trust*, 78 Wn.2d 584, 587, 478 P.2d 232 (1970). The Fourteenth Amendment does not prevent a state from amending or entirely abolishing statutory remedies. *Godfrey v. State*, 84 Wn.2d 959, 962-63, 530 P.2d 630 (1975). Accordingly, the legislature is free to bar plaintiffs' right to recover for wrongful death under RCW 4.24.010 without offending due process and equal protection guaranties. *Cf. Godfrey v. State, supra.*

The plaintiffs have no vested right to bring suit under RCW 4.24.010 and the omission of the legislature to provide a quid pro quo or alternative remedy for nondependent parents under the terms of the workmen's compensation act contravenes no constitutionally protected right or remedy.

The judgment of the superior court is reversed and plaintiffs' cause of action is dismissed. It is so ordered.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.