Dean HALES et al.,

Green Colonial, Inc., Appellee,

and

Dover Corporation, Appellant,

v.

Harold MONROE,

Iowa Plumbers Supply Co., Appellee.

No. 76–1383.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 7, 1976.

Decided Nov. 3, 1976.

Dan Hale, St. Joseph, Mo., for appellant.

Joseph K. Houts, St. Joseph, Mo., for appellee Green Colonial, Inc.

James Borthwick, Kansas City, Mo., for appellee Iowa Plumbers Supply Co.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

The sole question on appeal is whether a supplier and a distributor, held strictly liable for supplying and selling a defective product, have the right to seek indemnity from the manufacturer of that product, who was also held strictly liable.

With parts and instructions furnished by the distributor and manufacturer, the supplier's installer converted a Peerless 300,000 BTU natural gas heater to a propane heater. The heating unit caused a fire and destroyed Dean Hales' store. We affirmed a judgment on the verdict in Hales' tort action against Green Colonial, Inc., the supplier, Iowa Plumbers Supply Co. (IPS), the distributor and Dover Corp., the manufacturer of the unit in an earlier decision. *Hales v. Green Colonial, Inc.*, 490 F.2d 1015 (8th Cir.), *reh. denied* (1974).

Green Colonial and IPS cross-claimed for indemnity against the manufacturer, Dover, who asserted that, since both Green Colonial and IPS were guilty of primary negligence, they could not obtain indemnity under Missouri law. Because the district court had not ruled on them, we declined to rule on the merits of the cross-claims. The parties subsequently agreed that there were no issues of fact remaining and each moved for summary judgment. The district court, the Honorable John W. Oliver, in a thorough opinion, granted summary judgment for indemnity in favor of IPS and Green Colonial against Dover, and included an award for attorney fees and expenses incurred by them in the defense of the original action. *Hales v. Green Colonial, Inc.*, 402 F.Supp. 738 (W.D.Mo.1975).

We affirm the judgment awarding indemnity on the basis of the district court's opinion. However, we vacate the award of attorney fees and costs, and remand to the district court to enter a new judgment on these fees and costs based on 50% of the fees and costs submitted.

The original complaint alleged one count based upon the supplying of the defective heating unit. In addition it alleged an independent count of negligence against IPS and Green Colonial based on their failure to properly inspect the unit upon receiving it from Dover, as well as their negligence arising from actual knowledge that the stove was not working properly after it was installed and converted for propane. It was alleged that the defendants, Green Colonial and IPS, "*received actual notice* from plaintiffs and Harold Monroe, d/b/a Monroe Plumbing and Heating Company, of defects in the unit and malfunction of the heating unit, but did carelessly and negligently disregard notices of the defects and malfunctions and failed to send any personnel or equipment to rectify the defects and malfunctioning of the heater unit and, further, carelessly and negligently failed to notify plaintiffs that continued use of the unit would endanger lives and property." (Our emphasis added).

Both the supplier and distributor tendered the defense of the suit when it was originally filed to Dover, the manufacturer. The manufacturer refused to accept the tender and refused to provide a defense for either the supplier or the distributor. After lengthy discovery and trial, but prior to submission of the case to the jury, the plaintiff withdrew his allegations of negligence and the trial court submitted the case to the jury solely on the ground of strict liability for furnishing a defective heating unit.

In granting full indemnity for attorney fees and costs to the cross-claimants, the district court held that their negligent failure to discover the defect did not bar indemnity against the manufacturer. See Restatement (Second) of Torts § 886B (Tent. Draft No. 18, 1972). We have no disagreement with this finding. However, since the complaint alleges that both defendants had *actual knowledge* that the stove did not work properly after it was installed but failed to properly warn the plaintiffs, it is clear that IPS and Green Colonial asserted separate defenses which became an integral part of their preparation and trial, and for which the manufacturer could not be responsible. Neither IPS nor Green Colonial attempted to allocate their costs between the defenses on the separate counts. Indeed, we agree that would be difficult to do. Under the circumstances, we find 50% of the amount tendered against the manufacturer to be an equitable adjustment in the award of attorney fees and costs.

The judgment for indemnity is affirmed; the cause is remanded for modification of the judgment for attorney fees and costs in accord with this opinion.