[No. 4011–1. Division One. January 23, 1978.]

BRUCE E. OLCH, *Respondent,* v. PACIFIC PRESS & SHEAR COMPANY, ET AL, *Appellants,* COLLATOR CORPORATION, *Respondent.*

*Leo A. Anderson, James W. Ruddy, Elvidge, Veblen, Tewell, Bergmann & Taylor, Duane Tewell,* and *Thomas A. St. Pierre,* for appellants.

*Graham, McCord, Dunn, Moen, Johnston & Rosenquist, Stephen A. Crary,* and *William R. Smith,* for respondents.

CALLOW, J.—Pacific Press & Shear Company (Pacific Press) and Buckner–Weatherby Company (Buckner–Weatherby), third parties in an employee's suit for damages resulting from an industrial accident, appeal from a summary judgment dismissing their common–law claim for indemnity against Collator Corporation (Collator), the allegedly negligent employer of the injured workman, Bruce E. Olch.

This appeal presents the question of a third party's right to indemnity from an employer in an employee's action against the employer whose negligence allegedly was the primary cause of the injury.

The facts for the purposes of this appeal are not in dispute and may be summarized as follows: On August 24, 1971, Bruce E. Olch was employed by Collator to operate a hydraulic power press. He was injured when he accidentally actuated the foot pedals causing the power press to close on his hand and arm, requiring amputation. Collator paid all industrial insurance premiums due for the period of time pertinent to this case. Following receipt of full workmen's compensation benefits for such injury, Olch sued both Pacific Press, the manufacturer of the hydraulic power press involved in the accident, and Buckner–Weatherby, who sold the machine to Collator. He alleged that the design and manufacture of the power press was negligent, dangerous and defective, and that when it was sold to the plaintiff's employer it lacked proper safety devices to protect the operator from injury.

Pacific Press and Buckner–Weatherby both denied liability and filed a third–party complaint and cross claim against Collator seeking indemnity and alleged that if the hydraulic press was in any way dangerous, defective, or in violation of safety regulations due to the absence of safeguards or safety devices, it was due to the sole active and primary negligence of Collator in failing to provide the press with such safeguards or safety devices.

Collator denied liability and moved for summary judgment on the basis of the industrial insurance act, RCW 51, which Collator contends is the exclusive remedy and bars actions over for indemnity against an employer covered by the act in the absence of an independent indemnification agreement. Collator's motion was granted, and this appeal by both Pacific Press and Buckner–Weatherby followed entry of judgment dismissing their common–law indemnity action.

The third–party appellants assign error to the order granting summary judgment and contend (1) that sound public policy dictates against extending the immunity provided by the workmen's compensation act to an employer whose negligence is a primary cause of injury to an employee and denying to the third–party outsider, a stranger to the industrial insurance act, his common–law remedy of indemnity; and (2) that the precise issue presented by this appeal has not been decided by any Washington court, nor is it dictated by our decision in either *Montoya v. Greenway Aluminum Co.,* 10 Wn. App. 630, 519 P.2d 22 (1974), or *Tucci & Sons, Inc. v. Carl T. Madsen, Inc.,* 1 Wn. App. 1035, 467 P.2d 386 (1970).

RCW 51.04.010 states in part:

> The state of Washington, . . . declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, . . . is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

*Greenleaf v. Puget Sound Bridge & Dredging Co.,* 58 Wn.2d 647, 658, 364 P.2d 796 (1961), quoting from *Stertz v. Industrial Ins. Comm'n,* 91 Wash. 588, 158 P. 256 (1916), said:

> When the employer, for his part, pays his share into this fund, all obligation on his part *to anybody* is ended.

(Italics ours.)

The exclusivity of the employer's liability to *anyone* for damages arising out of injuries suffered by an employee was recently reemphasized in *West v. Zeibell,* 87 Wn.2d 198, 550 P.2d 522 (1976), and *Ledesma v. A.F. Murch Co.,* 87 Wn.2d 203, 550 P.2d 506 (1976). These opinions reinforce the position that tort actions against an insured employer after disbursement of a compensation award pursuant to RCW Title 51 cannot be maintained. It has been noted,

however, that where an independent duty or obligation is owed by the employer to a third party the exclusivity provisions of the workmen's compensation act will not bar recovery by the third party. In such situations, third–party actions against insured employers have been allowed when an express written contract of indemnification existed, *Tucci & Sons, Inc., v. Carl T. Madsen, Inc., supra* at 1040–41, and actions requesting indemnity have been disallowed when no special relationship existed. *Stevens v. Silver Mfg. Co.,* 41 Ill. App. 3d 483, 355 N.E.2d 145, 151 (1976); *Diekevers v. Brekel Inc.,* 73 Mich. App. 78, 250 N.W.2d 548, 550 (1976); *Montoya v. Greenway Aluminum Co., supra* at 631–32. We must inquire whether a contract of indemnification may be implied under the present circumstances.

█ Indemnity requires full reimbursement and transfers liability from the one who has been compelled to pay damages to another who should bear the entire loss. *Hales v. Green Colonial, Inc.,* 402 F. Supp. 738, 739 (W.D. Mo. 1975), *modified on other grounds,* 544 F.2d 331 (8th Cir. 1976); *Stuart v. Hertz Corp.,* 302 So. 2d 187, 190 (Fla. Dist. Ct. App. 1974). Indemnity may be permitted on the basis of an express contract, by virtue of vicarious liability, because of a breach of an independent duty between the indemnitor and the indemnitee, and because of the primary or "active" tortious conduct of an indemnitor as compared to the secondary or "passive" tortious conduct of the indemnitee. *Hysell v. Iowa Pub. Serv. Co.,* 534 F.2d 775, 782 (8th Cir. 1976).

█ The third–party plaintiffs claim a right to recovery under an implied contract of indemnification based upon a breach of an independent duty. They assert that the employer–buyer owed to the third–party plaintiffs a duty to operate the machine in a safe manner and to provide the machine with all necessary safeguards or safety devices. It is true that such a duty might exist in the abstract, but it does not run by implication to a machinery manufacturer

when an employee is injured by a purchased machine oper-
ated by the employee. As noted by Judge Learned Hand in
*Slattery v. Marra Bros., Inc.,* 186 F.2d 134, 139 (2d Cir.),
*cert. denied,* 341 U.S. 915, 95 L. Ed. 1351, 71 S. Ct. 736
(1951):

> [W]e shall assume that, when the indemnitor and
> indemnitee are both liable to the injured person, it is the
> law of New Jersey that, regardless of any other relation
> between them, the difference in gravity of their faults
> may be great enough to throw the whole loss upon one.
> We cannot, however, agree that that result is rationally
> possible except upon the assumption that both parties
> are liable to the same person for the joint wrong. If so,
> when one of the two is not so liable, the right of the other
> to indemnity must be found in rights and liabilities aris-
> ing out of some other legal transaction between the two.

Here, pursuant to RCW 51, the employer is not liable
directly to the employee and no liability exists from the
employer to the manufacturer–seller from the contract of
sale.

The third–party plaintiffs rely upon cases holding a con-
tract of indemnification may be implied where an employer
is "testing" a third party's machine (*United States Fidelity
& Guar. Co. v. Kaiser Gypsum Co.,* 273 Ore. 162, 539 P.2d
1065 (1975)), or where an independent duty existing
between an employer–buyer and a manufacturer–seller is
breached (*e.g., Pust v. Union Supply Co.,* ___ Colo. App.
___, 561 P.2d 355 (1976); *Dole v. Dow Chem. Co.,* 30 N.Y.2d
143, 282 N.E.2d 288, 331 N.Y.S.2d 382, 53 A.L.R.3d 175
(1972)). A comparable special relationship or independent
duty has not been shown to exist here. Independent duties
from the buyer to the seller should not be implied to exist
where the parties have not contracted for such duties
expressly. As noted in 2A A. Larson, *The Law of Work-
men's Compensation* § 76.44 (1976), at pages 14–404 and
14–405:

> The "independent duty" in *Dole* [*Dole v. Dow Chem.
> Co.,* 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382, 53
> A.L.R.3d 175 (1972)] could not very well be held to be

based on contract, although there was a contract between the parties. The contract was simply one of sale—in this instance, of a poisonous fumigant. Clearly certain independent obligations run with the sale from the manufacturer to the buyer. But it seems unlikely that any court would be prepared to hold that independent *contractual* obligation runs from the buyer to the manufacturer. To do this a court would have to announce the following doctrine: "Whenever a buyer purchases an article from a manufacturer, the buyer assumes an independent *contractual* obligation to the manufacturer not to use the article in such a way as to bring liability upon the manufacturer."

The fact that one party settled a claim against another will not entitle that party to indemnity, for unless the party that settled could have been compelled at law to pay the claim there is no right to indemnity. *Ashland Oil & Refining Co. v. General Tel. Co.,* 462 S.W.2d 190, 193 (Ky. 1970). Likewise, the existence of an "abstract duty" does not trigger indemnity. *See Santisteven v. Dow Chem. Co.,* 506 F.2d 1216, 1219 (9th Cir. 1974). An alleged breach of an independent duty must·be shown to exist as a specific and defined duty before it will provide a basis for indemnity of a third party against an employer providing benefits under workmen's compensation. *Hysell v. Iowa Pub. Serv. Co., supra* at 782; *Sayler v. Holstrom,* 239 N.W.2d 276, 281 (N.D. 1976). An agreement of an employer to buy a specific item and of a manufacturer to sell the specific item, without more, is not sufficient to meet the test required for indemnity. "No duty flows upstream from the purchaser to the manufacturer." *William H. Field Co. v. Nuroco Woodwork, Inc.,* 115 N.H. 632, 634, 348 A.2d 716, 718 (1975). *See Jennings v. Franz Torwegge Mach. Works,* 347 F. Supp. 1288, 1289 (W.D. Va. 1972); *Outboard Marine Corp. v. Schupbach,* __ Nev. __, 561 P.2d 450, 454 (1977). Further, as observed in Larson, *Workmen's Compensation: Third Party's Action Over Against Employer,* 65 Nw. U.L. Rev. 351, 419 (1970), it would stretch the concept of contract out of relation to reality to impose upon the purchaser an

implied contract with the manufacturer to use the goods in such a way as to not bring liability upon the manufacturer. Larson states:

> [W]hen the relation between the parties involves no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity. What governs in these cases is not the delictual or contractual form of the remedy but the question is the claim "on account of" the injury, or on account of a separate obligation running from the employer to the third party?

*Robinson v. International Harvester Co.,* 44 Ill. App. 3d 439, 445–47, 358 N.E.2d 317, 322–23 (1976), held:

> Actions based upon strict liability in tort for unreasonably dangerous or defective products are outside the scope of the active–passive theory of indemnification. Consequently, "third party actions for indemnity against a subsequent user are not maintainable by the manufacturer or seller of the defective product." . . .
>
> . . .
> . . . Producing a reasonably safe product is the nondelegable duty of the manufacturer. Thus, employer's intentional purchase of the [machine] without the overhead safety device is no basis for manufacturer's third–party complaint for indemnity against employer.
>
> The manufacturer's allegation that indemnity should be permitted because the employer acted with reckless disregard for the employee's safety has no merit. If established, the manufacturer's claim that the employer misused the machine or allowed various dangerous practices, would be a complete defense to the action brought by the employee. As such, the manufacturer's claim cannot serve as the basis for the indemnity action against the employer–user. . . .
>
> . . .
> The manufacturer's argument is not without appeal. In the future, equitable apportionment or contribution may be recognized as a solution for allowing recovery by a manufacturer against a purchaser–user who refuses to purchases available safety equipment when it is necessary. Such changes in either the realm of the active–passive doctrine for indemnity or the no contribution rule

should be decided by the highest court in this State or the legislature of this State.

Indemnity might have arisen had the employer and the third–party plaintiffs entered into a contractual relationship in which the employer, in return for a reduction in the purchase price or for subsequent reimbursement from the manufacturer, agreed to inspect the machine, to perform necessary repairs, and to install subsidiary safety devices if necessary for the machine's safe operation. In such a situation, a contract of indemnification could be implied if the manufacturer met its burden of showing the existence of such a valid contract. *Cf. Lane v. Celanese Corp. of America,* 94 F. Supp. 528, 529 (N.D.N.Y. 1950); *H.P. Hood & Sons, Inc. v. Ford Motor Co.,* ___ Mass. ___, 345 N.E.2d 683, 689 (1976). This was not the situation, however.

Here, the only evidence before the trial court on the motion for summary judgment was evidence which showed only that a machine manufactured by the third–party plaintiffs had been sold to the employer. Considering the evidence that a contract for the purchase and sale of a machine existed and all reasonable inferences therefrom in the light most favorable to the plaintiffs, it cannot be said that a genuine issue of material fact exists with regard to the existence of an independent duty or a contract of indemnity. This leaves the third–party plaintiffs' action necessarily based on the employer's negligence. Since such an action would arise out of the employee's injury, it cannot be maintained under Washington law. RCW 51.24.010. *See Rock v. Delaware Elec. Cooperative Inc.,* 328 A.2d 449, 452–53 (Del. Super. Ct. 1974); *Blaw–Knox Food & Chem. Equip. Corp. v. Holmes,* 348 So. 2d 604, 608 (Fla. Dist. Ct. App. 1977); *Vangreen v. Interstate Mach. & Supply Co.,* 197 Neb. 29, 246 N.W.2d 652, 654 (1976). *Compare Sunspan Eng'r & Constr. Co. v. Spring–Lock Scaffolding Co.,* 310 So. 2d 4 (Fla. 1975), *with Walker & LaBerge, Inc. v. Halligan,* 344 So. 2d 239, 243–44 (Fla. 1977); *United Gas Pipeline Co. v. Gulf Power Co.,* 334 So. 2d 310, 313–14 (Fla. Dist. Ct. App. 1976).

The judgment of the trial court is affirmed.

WILLIAMS, J., concurs.

SWANSON, J. (dissenting)—I must disagree.

Initial inquiry must focus on RCW 51.04.010, the statute upon which an employer's claim of immunity rests, which states in pertinent part:

> The state of Washington, . . . declares that all phases of the premises are withdrawn from private controversy, and sure and certain *relief for workmen,* . . . is hereby provided . . . to the exclusion of every other remedy, proceeding or compensation, . . . and to that end all civil actions and civil causes of action *for such personal injuries* and all jurisdiction of the courts of the state over such causes are hereby abolished, . . .

(Italics mine.) The importance of the above–italicized clauses lies in the limitations they impose on the otherwise broad legislative ban on civil litigation arising from fact patterns covered by the industrial insurance act. The Supreme Court of the United States, in *Ryan Stevedoring Co. v. Pan–Atlantic S.S. Corp.,* 350 U.S. 124, 129, 100 L. Ed. 133, 76 S. Ct. 232 (1956), interpreted analogous language[1] as follows:

> The obvious purpose of this provision is to make the statutory liability of an employer to contribute to its employee's compensation the exclusive liability *of such employer to its employee . . . on account of his injury or death arising out of that employment.*

The court went on to declare that a third–party complaint springing "from an independent contractual right" was not barred thereby. Numerous other courts have recognized that the breach of an independent duty may result in an

---

[1] The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 (1970) *et seq.,* before the court in *Ryan* at 128–29 reads as follows:

"Sec. 5. The *liability of an employer* prescribed in section 4 [for compensation] *shall be exclusive and in place of all other liability of such employer to the employee, . . . and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death,* . . ." 44 Stat. 1426, 33 U S C § 905.

employer's liability to a third party regardless of a prior award of employee compensation. *See, e.g., Dole v. Dow Chem. Co.,* 30 N.Y.2d 143, 152, 282 N.E.2d 288, 294, 331 N.Y.S.2d 382, 53 A.L.R.3d 175 (1972); *Blackford v. Sioux City Dressed Pork, Inc.,* 254 Iowa 845, 855, 118 N.W.2d 559, 565 (1962); *McDonnell Aircraft Corp. v. Hartman–Hanks–Walsh Painting Co.,* 323 S.W.2d 788, 796 (Mo. 1959).

This line of reasoning has been recognized by the Washington courts. Thus, in our earlier decision in *Tucci & Sons, Inc., v. Carl T. Madsen, Inc.,* 1 Wn. App. 1035, 467 P.2d 386 (1970), this court upheld a written indemnification agreement between a subcontractor employer and a third–party general contractor, thereby permitting the employer to voluntarily assume the burden of indemnification and create a contractual right with a third party, independent of the exclusive jurisdiction provision of the industrial insurance act. In the later case of *Montoya v. Greenway Aluminum Co.,* 10 Wn. App. 630, 519 P.2d 22 (1974), however, we refused to imply a contractual right to indemnity from a licensor/licensee relationship and specifically denied indemnity to an allegedly passive third–party joint tort–feasor against an employer who was an active or primary tort–feasor. The decision in *Montoya* states at pages 635–36:

> An indemnity will not exist in this state in the face of the industrial insurance act in the absence of a contract between the indemnitor and indemnitee. *Broxson v. Chicago, M., St. P. & P. R.R.,* 446 F.2d 628 (9th Cir. 1971); *Tucci & Sons, Inc. v. Carl T. Madsen, Inc., supra.* The employer may ignore the immunity of the industrial insurance act and indemnify the third party when the parties have independently created such a contractual right. It will not exist otherwise.

The question in Washington therefore becomes whether an independent duty, for the purpose of indemnifying a third party, may arise solely from an express contractual agreement or whether such may be implied from a contractual

status. After reviewing the opinion in *Tucci,* the *Montoya* court observed that the *Tucci* decision

> indicates that an indemnity will not be implied in the absence of a contract between the parties. It did not go so far as to state that a *specific written indemnification agreement is a sine qua non* for recovery by a third party. That slim question was not before the [*Tucci*] court, and is not before us now.

(Italics mine.) *Montoya v. Greenway Aluminum Co., supra* at 635. We also recognized in *Montoya* that other courts have found implied promises to indemnify the third party when a contractual relationship has been entered into between the employer and the third party. *Montoya v. Greenway Aluminum Co., supra* at 635, citing *Ryan Steve-doring Co. v. Pan–Atlantic S.S. Corp., supra; Weyer-haeuser S.S. Co. v. United States,* 372 U.S. 597, 602, 10 L. Ed. 2d 1, 83 S. Ct. 926 (1963).

Two issues should thus confront the court as decisive on this appeal. First, does the evidence presented suffice to establish a question of fact as to whether a contractual relationship of seller and purchaser exists between the appellants, Pacific Press and Buckner–Weatherby, and respondent Collator.[2] Second, may an independent duty of reasonable care in operating and providing safeguards for the machine purchased be implied from a seller/purchaser status, from which indemnity may be invoked should such obligation be breached. If both of these issues are resolved affirmatively, then appellants deserve the opportunity to attempt to prove a breach of the implied duty.

As to the first issue, appellants contend that the sales agreement for the purchase and sale of the hydraulic press,

---

[2]The importance of establishing a contractual relationship between the employer and the third party is indirectly emphasized in two recent Washington Supreme Court cases which demonstrate the conclusive exclusion of *tort* actions under the industrial insurance act. *See West v. Zeibell,* 87 Wn.2d 198, 550 P.2d 522 (1976), and *Ledesma v. A.F. Murch Co.,* 87 Wn.2d 203, 550 P.2d 506 (1976) (in which the court stressed the broad nature of the exclusionary language of RCW 51.04.010 while rejecting the tort claim of third–party parents for the alleged wrongful death of their minor employee son).

as evidenced by an invoice together with the testimony of the sales manager of Pacific Press, is sufficient to establish a question of fact regarding the alleged contractual relationship of buyer and seller between the parties. I agree. The more troublesome question turns on whether an implied duty of reasonable care in the use of purchased merchandise inures in the purchaser to the seller. It is here that I disagree with the majority.

In the recent case of *United States Fidelity & Guar. Co. v. Kaiser Gypsum Co.*, 273 Ore. 162, 539 P.2d 1065 (1975), the Oregon Supreme Court confronted this issue in a fact pattern quite analogous to that before us. There an employee lost his hand in an accident involving a machine which, at the request of the employer, was installed without a safety guard. After receiving full workmen's compensation, the employee filed suit against the installing company, alleging negligence. The subrogated insurer of the installer settled the employee's claim and then brought a common–law action for indemnity against the employer. Upon motion, the trial court dismissed the indemnity action on the ground that the exclusive remedy provision of the Oregon Workmen's Compensation Act barred third–party actions for indemnity against an employer. The Oregon Supreme Court made an exhaustive analysis of the many cases discussing the question of an implied independent duty owed a third–party plaintiff by an employer, and concluded:

> We find that a substantial majority and the better reasoned cases allow a third party to recover indemnity from an employer when the injury to the employe for which the third party was held liable resulted from the breach of an independent duty owed to the third party by the employer. This duty will be implied by law from the relationship between the employer and the party seeking indemnity.

(Footnote omitted.) *United States Fidelity & Guar. Co. v. Kaiser Gypsum Co., supra* at 177. See also cases cited therein. Thus an independent duty of care owed to a third

party by an employer was implied by law from a seller/purchaser relationship between said parties.

I am persuaded that the Oregon court accurately appraised the existing authority and reasoning in this area. Further, I do not believe the legislature, by enacting a workmen's compensation statute, intended to protect negligent employers from common–law indemnity actions by third parties. This position draws strength from strong Washington precedent dictating that common–law rights should not be lost absent express statutory language. For example, the court in *In re Estate of Tyler,* 140 Wash. 679, 684, 250 P. 456, 51 A.L.R. 1088 (1926), asserted the following:

> In this state there is also a general statute, Rem. Comp. Stat., § 143 [P. C. § 8252], which is pertinent. It provides:
> "The common law, so far as it is not inconsistent with the constitution and laws of the United States, or of the state of Washington, nor incompatible with the institutions and condition of society in this state, shall be the rule of decision in all the courts of this state."
> We have held that any law in derogation of the common law should be strictly construed.

*See also McDermott v. Kaczmarek,* 2 Wn. App. 643, 648, 469 P.2d 191 (1970); *Marble v. Clein,* 55 Wn.2d 315, 317–18, 347 P.2d 830 (1959). Thus, in view of the lack of statutory language derogating the right of indemnity in a third party where the cause of action arises from something other than the personal injury of the employee, said right should be preserved.[3]

I therefore think it appropriate to permit a common–law action for indemnity to go forward when the complaint alleges a breach of independent duty of the purchaser/employer to the seller/third party to use due care

---

[3] I agree with the Supreme Court of Iowa when it stated, "An intention of the legislature, in enacting a statute for the regulation of rights between the employer and employee, to destroy the rights of third parties should at the very least be clearly expressed." *Blackford v. Sioux City Dressed Pork, Inc.,* 254 Iowa 845, 855, 118 N.W.2d 559 (1962).

during the operation of the purchased machine. Such a duty is implied in the contractual relationship between the parties. The exclusionary provision of the industrial insurance act does not bar an action arising from such a source.[4]

I am also persuaded by the equity involved. As stated in 2A A. Larson, *The Law of Workmen's Compensation* § 76.52 (1976):

> The question here becomes very precise: did the compensation acts, in conferring immunity on the employer from common–law suits, mean to do so only at the expense of the injured employee, or also at the expense of outsiders? One answer is that the injured employee got *quid pro quo,* in receiving assured compensation payments as a substitute for tort recoveries, while the third party has received absolutely nothing, and hence should not be impliedly held to have given up rights which he had before. It is unfair, so the argument runs, to pull the third party within the principle of mutual sacrifice when his part is to be all sacrifice and no corresponding gain.

A number of courts have concurred in this argument. *See, e.g., Blackford v. Sioux City Dressed Pork, Inc. supra; Lunderberg v. Bierman,* 241 Minn. 349, 364, 63 N.W.2d 355, 365, 43 A.L.R.2d 865 (1964); *Ryan Stevedoring Co. v. Pan–Atlantic S.S. Corp., supra.* The equities of sacrifice and gain are highlighted in Washington where RCW 51.24-.010 serves to protect the employer by allowing the subrogation or assignment in the employer of an employee's rights based on the negligence of a third party. There is however, no reciprocal right vested by the statute in a third party based on negligence of the employer. Thus, immunizing the employer from a third–party indemnity complaint constitutes an unequal division of responsibility.

To recapitulate, the *Tucci* case involved an express, written indemnification agreement between the employer and a

---

[4]It should be noted that at least two courts recently have declared unconstitutional the provision of workmen's compensation acts giving an employer immunity against a third party's common–law action for indemnity. *See Carlson v. Smogard,* 298 Minn. 362, 215 N.W.2d 615 (1974); *Sunspan Eng'r & Constr. Co. v. Spring–Lock Scaffolding Co.,* 310 So. 2d 4 (Fla. 1975).

third party, so that the cause of action was not "for such personal injury," (and thus abolished by the industrial insurance act, RCW 51.04.010), but arose from an independently created contractual right outside the exclusive remedy provision of the workmen's compensation act. In *Montoya,* no contractual relationship existed between the parties upon which to base a cause of action for indemnity independent of the exclusive remedy provision of the act. Here, sufficient evidence is present to create a question of fact as to whether a contractual relationship existed between the third parties and the employer. If such a relationship were to be found by the trier of fact to exist, an independent duty of care owed by the employer to the third parties may be implied. It would then become the responsibility of appellants to demonstrate this independent duty had in fact been breached, thereby justifying an indemnity. A breach of the implied duty should support the third parties' indemnity claim because it would not be a cause of action "for such personal injuries," which is abolished by the act, but rather would be a cause of action based on an independently created implied duty of due care arising from the contractual relationship between the parties of purchaser and seller.

The judgment of the trial court should be reversed and the case remanded for trial.

Petition for rehearing denied April 4, 1978.

Review denied by Supreme Court September 22, 1978.