[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CONSTRUCTION COMPANY'S MOTION FOR SUMMARY JUDGMENT
This is a products liability action to recover damages for personal injuries sustained by the plaintiff Bernard Cohade (Cohade) when he fell from staging erected on the roof of the New Canaan Nature Center. Cohade was employed by. DeLuca Construction Company (DeLuca) at the time of this incident; he was installing shingles on the roof as part of a building renovation project. Cohade alleges that the collapse of the staging was caused by a defect in the adjustable roof bracket manufactured by the defendant Quality Steel Products, Inc., distributed by the defendant Qual-Craft Industries, Inc., and sold to DeLuca by the defendant Ring's End Incorporated.
DeLuca on December 13, 1999 filed a motion to intervene to recover the worker's compensation benefits paid to Cohade as a result of his injury while on the job. The motion was granted on January 5, 2000. The defendants Quality Steel Products, Inc., Qual-Craft Industries, Inc. and Ring's End Incorporated (defendant counterclaimants) filed a counterclaim on January 18, 2000, seeking common law indemnification from DeLuca.
CT Page 12655 DeLuca on September 19, 2000 moved for summary judgment on the ground that the indemnity claim is barred by the exclusive remedy provision of the Connecticut Worker's Compensation Act, General Statutes § 31-284. The defendant counterclaimants filed their response on October 4, 2000, and the court heard the motion on October 6, 2000. This case is scheduled to begin trial on October 24, 2000.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the moving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Practice Book § 17-46 and 17-49. A motion for summary judgment may be used to contest the legal sufficiency of a pleading where there are no genuine issues of material fact. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409 (1971).
The worker's compensation act provides in General Statutes § 31-284
that "[a]n employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injuries sustained by an employee arising out of and in the course of his employment." The supreme court has held that
 [u]nder the Workers' Compensation Act, both the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery. . . . The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of the workers' compensation liability to its employees. . . .
(Citations omitted.) Bouley v. Norwich, 222 Conn. 744, 752 (1992). In reliance on the workers' compensation exclusivity provision, the Connecticut Supreme Court has limited a third party's right to seek indemnification from an employer to cases in which there is an independent legal relationship creating a duty between the third party and the employer. Ferryman v. Groton, 212 Conn. 138, 144-45 (1989);Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 699 (1997). CT Page 12656
The defendant counterclaimants argue several propositions in support of their claimed right to maintain a common law indemnification claim against DeLuca, in the face of the worker's compensation exclusive remedy provision. First, they assert that the Connecticut Product Liability Act, General Statutes § 52-572m et seq., permits actions for common law indemnification, specifically on the basis of § 52-577a(b); see alsoMalerba v. Cessna Aircraft Co., 210 Conn. 189, 198-99 (1989). Second, they note that Public Act 93-228 amended the products liability statute in a way that affected the participation of employers in such actions. Prior to the Public Act 93-228 amendment, employers were prohibited from intervening in product liability actions to recoup workers' compensation benefits paid to the plaintiff. Also prior to the amendment, the product seller was entitled to receive a setoff for the amount of the workers' compensation benefits paid. The statute prior to the amendment prohibited product sellers from maintaining any action for indemnity against any person immune from liability. The defendant counterclaimants argue that the statutory amendment is expressive of a legislative intent to permit indemnification actions against employers of injured workers.
"In seeking to discern [legislative] intent, [the court should] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation. . . ." (Citations omitted; internal quotation marks omitted.) Velez v.Commissioner, 250 Conn. 536, 540 (1999). The exclusivity of workers' compensation liability is the central quid pro quo of the worker's compensation scheme, and based on important public policy. Jett v.Dunlap, 179 Conn. 215, 217 (1979). Nothing in the products liability statutory language or its history exists to suggest that liability for the manufacture and distribution of defective products should be passed to or shared with employers. Nothing in the products liability act expressly contradicts the clear articulation in our law that workers' compensation remains the exclusive remedy between an employer and his employee for work-related injury.
The defendant counterclaimants assert the existence of an independent legal relationship between themselves and DeLuca that they contend should overcome the exclusive remedy provision of the workers' compensation act. Compare Therrien v. Safeguard Manufacturing Co., 180 Conn. 91, 93-94
(1980). They refer to the warning and instruction labels contained on the brackets, requiring the user to comply with OSHA regulations, as well as the independent obligation of the employer to comply with OSHA regulations. They contend that DeLuca, by purchasing and using the product, impliedly agreed that it would use the product in accordance with OSHA regulations, and then failed to do so. CT Page 12657
The question whether OSHA regulations may establish an independent legal relationship between an employer and the seller of a product used on the job, and thereby cloud the quid pro quo exclusive remedy provision of the workers' compensation act, is one of first impression in this state. There are, however, a number of decisions elsewhere addressing the argument that warning and instruction labels create an independent legal relationship. In Therrien, the supreme court cited several decisions for the proposition that "[a] contract implied in law requires, as a foundation, that there be an obligation created by law that imposes a duty to perform. . . . The law does not independently impose a quasi-contractual duty upon a buyer to indemnify a manufacturer for injuries sustained by the buyer's employees in the use of a defective product." Roy v. Star Chopper Co., Inc., 442 F. Sup. 1010, 1019-1020
(D.R.I. 1977); Robinson v. International Harvester Co., 358 N.E.2d 317
(Ill.App. 1976); Olch v. Pacific Press Schear Co., 573 P.2d 1355
(Wash.App. 1978); 2A Larson, The Law of Worker's Compensation, § 76.44 (1976)." Therrien v. Safeguard, 180 Conn. 95. This court must decide whether the OSHA regulatory scheme was intended to impose such an additional duty on an employer in the workers' compensation context.
A number of superior court judges, though not specifically addressing OSHA, have refused to impose a duty predicated on a general statutory obligation owed to all persons. See Monkiewicz v. Peterson, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 461807 (Feb. 17, 1995, Handy, J.), Longfellow v. Lane Dispatching Warehouse, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 502720 (Nov. 18, 1992, Wagner, J.), Metro NorthComputer Railroad v. Tanz, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135960 (March 2, 1995,D'Andrea, J.); Lodge v. Arett Sales Corp., Superior Court, judicial district of Waterbury at Waterbury, Docket Nos. 98122, 97106, 97840, 100377 (March 17, 1995, Pellegrino, J.); and Watson v. Boykin, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 385205 (August 26, 1992, Burns, J.). See also Maccarone v. Hawley,7 Conn. App. 19 (1986).
In Ferryman v. Groton, supra, the supreme court said that the test to be applied when a party claims indemnification from an employer is whether that party is able to demonstrate the existence of a legal duty from the employer to the party seeking indemnification. 212 Conn. 144-45. Also see Skuzinski v. Bouchard, supra, 240 Conn. 702. The federal and Connecticut Occupational Safety Health Act (OSHA) statutes create a duty from the employer to its employees. Both the federal and state statutes create an obligation for the employer to furnish to each of its employees a place to work which is free from recognized hazards that are CT Page 12658 causing or likely to cause death or serious physical harm to its employees. See 29 U.S.C. § 654, General Statutes § 31-370(a).
The defendant counterclaimants fail, however, to cite any authority recognizing a duty arising under OSHA that may be imposed on a plaintiff's employer for the benefit of manufacturers or distributors sued for personal injury allegedly sustained from on-the-job use of an alleged defective product. 051-IA regulations may be relevant to a contractor's duty to use care, see Coburn v. Lenox Homes, Inc., 186 Conn. 370, 374
(1982) and Wendland v. Ridgefield Construction Services, Inc.,184 Conn. 173, 179 (1981); but those cases cited by the defendant counterclaimants are not authority that recognizes the specific duty sought to be imposed on DeLuca. This court is charged with interpreting the law, not creating it.
DeLuca's motion for summary judgment (#145) is granted.
ROBERT F. McWEENY, J.