[No. 22663-8-III. Division Three. January 13, 2005.]

GILBERT A. VALENCIA, *Appellant*, v. REARDAN-EDWALL SCHOOL DISTRICT NO. 1, *Respondent*.

*Gregory G. Staeheli*, for appellant.

*Michael E. McFarland, Jr.* (of *Evans, Craven & Lackie, P.S.*), for respondent.

¶1 SWEENEY, J. — Employers are generally immune from civil suits by their employees for on-the-job injuries. *Goad v. Hambridge*, 85 Wn. App. 98, 102, 931 P.2d 200 (1997). But an employer is not immune from its intentional and deliberate acts that result in injury. RCW 51.24.020. Gilbert Valencia was injured by a dangerous lifting device while working for Reardan-Edwall School District No. 1 (District). He showed that the District knew the device was dangerous. But his showing was not enough to support a finding that his injuries were a certainty or the result of deliberate conduct. We therefore affirm the trial court's dismissal of his complaint.

## FACTS

¶2 Gilbert Valencia works as a maintenance technician for the District. The District owns a lifting device. Mr. Valencia used the device to repair the scoreboard at a grade school gym. It collapsed and injured him.

¶3 Mr. Valencia talked to the District's risk manager before his accident. And the manager related something to the effect that the lifting device was dangerous.

¶4 Mr. Valencia filed a claim with the Washington State Department of Labor and Industries for worker's compensation. He also sued the District for an intentional injury. The District moved for summary judgment. The trial court dismissed the case. The court concluded that the risk manager was an independent contractor and there was no showing that his concerns about the device were ever communicated to the District. Significantly for this appeal, the judge did not, then, have to pass upon whether Mr. Valencia had made an adequate showing to avoid the immunity afforded by Washington's Industrial Insurance Act (Title 51 RCW)—the "so-called" *Birklid*[1] issue.

## DISCUSSION

¶5 We review a trial court's grant of summary judgment de novo. *Schuchman v. Hoehn*, 119 Wn. App. 61, 71-72, 79 P.3d 6 (2003); CR 56(c). We will review the facts and reasonable inferences from those facts in a light most favorable to the nonmoving party. *Goad*, 85 Wn. App. at 102.

¶6 The legislature abolished civil causes of action against employers for personal injuries obtained on the job by the Industrial Insurance Act. RCW 51.04.010; *Birklid v. Boeing Co.*, 127 Wn.2d 853, 855, 859, 904 P.2d 278 (1995). Industrial insurance is the exclusive remedy. *Birklid*, 127 Wn.2d at 855, 859. The act provides a narrow exception for injuries caused by the "deliberate intention" of an employer. RCW 51.24.020.

¶7 Mr. Valencia's argument here on appeal is, essentially, that he made a sufficient factual showing to avoid summary dismissal of his *Birklid* claim. Specifically, he argues that the District's risk manager knew that the lifting device was dangerous and the risk manager was sufficiently connected to the District, legally, to attribute that knowledge to the District.

---

[1] *Birklid v. Boeing Co.*, 127 Wn.2d 853, 862-66, 904 P.2d 278 (1995) (discussing the court's broadened interpretation of the statutory phrase "deliberate intention" found in RCW 51.24.020).

¶8 Before *Birklid*, the "deliberate intention" necessary to satisfy the exception to employer immunity generally required physical assault. *Birklid*, 127 Wn.2d at 861-62. *Birklid* expanded this exception however. *Id*. at 862-63.

¶9 And the facts in *Birklid* are helpful here. There, a general supervisor wrote to management and informed them that employees got sick from the chemical odors emitted during the preproduction testing of a new product. *Id*. at 856. The supervisor also said that he anticipated the problems would increase as production increased. *Id*. Management denied the request for improved ventilation and proceeded with full production without any corrective action. *Id*. Employees became ill, as predicted. *Id*. Our Supreme Court concluded that the employees had presented sufficient facts to submit the question of whether the employer's conduct was intentional to a jury. *Id*. at 863, 865-66. And it reversed the trial court's summary dismissal of the employees' claims.

¶10 In doing so, the court held that "the phrase 'deliberate intention' in RCW 51.24.020 means the employer had *actual knowledge* that an *injury was certain to occur* and *willfully disregarded that knowledge.*" *Birklid*, 127 Wn.2d at 865 (emphasis added). And a "deliberate intention" cannot be shown by the employer's gross negligence or carelessness. *Id*. at 860. It also cannot be shown by the employer's failure to follow safety procedures or laws governing safety. *Id*. Even knowledge to a substantial certainty that an act will produce an injury is not sufficient. *Id*. " '[T]he required intention relates to the injury, not the act causing the injury.' " *Id*. at 861 (quoting *Foster v. Allsop Automatic, Inc.*, 86 Wn.2d 579, 584, 547 P.2d 856 (1976)). Simply exposing employees to unsafe conditions is not enough. *Birklid*, 127 Wn.2d at 863; *Schuchman*, 119 Wn. App. 61.

¶11 *Schuchman* is illustrative. There, an employee was severely injured when her hands and arms were pulled into an auger. *Schuchman*, 119 Wn. App. at 65. The employer said: " 'We knew this was going to happen, we just didn't

know when. We just didn't know how to fix it. . . . Leon has fixed it now with a mesh like web covering.'" *Id.* The court nonetheless held that the employee did not present sufficient evidence to meet the intentional injury standard. The court stated:

Although Ms. Hoehn reportedly admitted that she and her husband "knew this was going to happen" but just did not know when, *this admission does not show actual knowledge that Mallory was certain to be the injured party.* . . . [A]n employer acting with even a substantial certainty that injury will occur to the employee does not have the requisite intent to injure that triggers the RCW 51.24.020 exception to employer immunity.

*Id.* at 72 (emphasis added).

■ ¶12 With this background, we now turn to the facts of Mr. Valencia's case. And the question is whether he made a sufficient showing to submit the question of deliberate intention to the jury.

¶13 His claims are based on comments by the risk manager: "'why do they still have it here. I have condemned it.'" Clerk's Papers at 34.

[The risk manager] had advised me that the device was dangerous, and that he had instructed the school district that it was dangerous, and that it was going to cause harm to someone. He did not indicate that it might cause harm to someone but that it would cause harm to someone. . . . And then he told me to chain it to the wall with a combination lock.

*Id.*

¶14 We assume Mr. Valencia's version of the risk manager's statements is true. And we assume that the District had knowledge of these statements. The showing still would not support a finding that the District had "actual knowledge" that "*an injury was certain to occur*" to *Mr. Valencia* and that it "willfully disregarded that knowledge." *Birklid*, 127 Wn.2d at 865 (emphasis added). The statements also do not indicate that the lifting device would collapse on the next person who used it. Mr. Valencia used the lifting device two to three times a year from 1976 to

2001 without an incident and without knowledge of anyone else ever being injured. The statements may well have made the District aware of the possibility of an injury. But that is not enough. *Schuchman,* 119 Wn. App. at 72.

¶15 The District's actions are hardly the equivalent of an assault or battery. The injury was the result of an accident. *Birklid,* 127 Wn.2d at 862-63; *Schuchman,* 119 Wn. App. at 72.

¶16 We affirm the decision of the trial court that dismissed Mr. Valencia's claim.

KATO, C.J., and SCHULTHEIS, J., concur.

Review denied at 155 Wn.2d 1004 (2005).